# United States Court of Appeals
## For the First Circuit

---

No. 99-1113

UNITED STATES OF AMERICA,

Appellee,

v.

JAVIER FRANKY-ORTIZ,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

---

Before

Selya, Circuit Judge,

Bownes, Senior Circuit Judge,

and Lipez, Circuit Judge.

---

Luis Rafael Rivera, by appointment of the court, on brief for appellant.

Jacabed Rodriguez-Coss, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega-Pacheco, Assistant United States Attorney, were on brief, for appellee.

---

October 24, 2000

---

**SELYA, Circuit Judge.** On April 10, 1997, a federal grand jury sitting in the District of Puerto Rico returned a three-count indictment against a number of individuals. In Count 2 of the indictment, the grand jury charged several persons, including Javier Franky-Ortiz, with conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. In Count 3 of the same indictment, the grand jury charged some of the same individuals, including Franky-Ortiz, with using and carrying firearms during and in relation to the commission of a drug-trafficking offense. See 18 U.S.C. § 924(c)(1). Following a five-week trial, a petit jury found Franky-Ortiz guilty on both counts. The district court thereafter sentenced him to a term of life imprisonment on the conspiracy charge and, ironically, to a consecutive five-year prison term on the firearms charge. Franky-Ortiz appeals.[1] Having carefully reviewed the record, we affirm.

On appeal, Franky-Ortiz's basic argument entails a challenge to the sufficiency of the evidence — but with a twist. The usual standard of review obligates an appellate court, when

_____

[1]Franky-Ortiz stood trial with eight codefendants (all of whom were found guilty), and we consolidated all nine appeals. Seven of them were argued together on September 14, 2000. The other two, including this one, were submitted on the briefs to the same panel. Because this appeal raises issues peculiar to Franky-Ortiz, we have chosen to decide it in a separate opinion.

evaluating the sufficiency of the proof presented against a defendant in a criminal case, to "canvass the evidence (direct and circumstantial) in the light most agreeable to the prosecution and decide whether that evidence, including all plausible inferences extractable therefrom, enables a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime." United States v. Noah, 130 F.3d 490, 494 (1st Cir. 1997). In carrying out that test, the court is bound to refrain from making independent judgments as to the credibility of witnesses. See United States v. Lara, 181 F.3d 183, 204 (1st Cir. 1999); Noah, 130 F.3d at 494; United States v. Echeverri, 982 F.2d 675, 677 (1st Cir. 1993). We recently summed up this principle in United States v. Alicea, 205 F.3d 480 (1st Cir. 2000), in which we wrote that "[e]xcept in the most unusual circumstances . . . credibility determinations are for the jury, not for an appellate court." Id. at 483.

The appellant acknowledges this principle, at least tacitly. Nevertheless, he seeks to detour around it by arguing that the lower court should have excluded from the jury's consideration the testimony of certain turncoat witnesses. This detour leads only to a dead end.

The appellant's argument, at bottom, is a vain attempt to invoke the specter of a witness-bribery statute that provides in pertinent part:

> Whoever . . . directly or indirectly, gives, offers or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court . . . authorized by the laws of the United States to hear evidence or take testimony . . . shall be fined under this title or imprisoned for not more than two years, or both.

18 U.S.C. § 201(c)(2). In 1998, a Tenth Circuit panel held that this statute forbade testimony given in exchange for promised leniency, and applied an exclusionary rule to remedy perceived violations. See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (Singleton I). The appellant acknowledges that the Tenth Circuit, sitting en banc, has repudiated Singleton I. See United States v. Singleton, 165 F.3d 1297, 1298 (10th Cir. 1999) (en banc) (Singleton II), cert. denied, 527 U.S. 1024 (1999). He likewise acknowledges that this court has disavowed the reasoning of Singleton I. See United States v. Lara, 181 F.3d 183, 198 (1st Cir. 1999). He nonetheless argues that the spirit of Singleton I persists, and that the rationale behind the decision — namely, that testimony from government witnesses who

have received inducements to testify is inherently unreliable — justifies the reversal of the jury verdict in this case.

We reject this specious argument. While the testimony of cooperating witnesses must always be scrutinized with care, e.g., United States v. LiCausi, 167 F.3d 36, 47 (1st Cir. 1999), the witnesses here were subjected to withering cross-examination by several sets of defense counsel, and the jury was properly instructed to weigh their testimony in light of the promises made and inducements tendered. The jury apparently found the witnesses credible. We know of no authority that would permit us to second-guess the jury's assessment. We therefore decline to accept the appellant's reading of either the letter or the spirit of section 201(c)(2). See Lara, 181 F.3d at 198; Singleton II, 165 F.3d at 1298; see also United States v. Lowery, 166 F.3d 1119, 1122-24 (11th Cir. 1999); United States v. Ramsey, 165 F.3d 980, 987 (D.C. Cir. 1999); United States v. Ware, 161 F.3d 414, 418-25 (6th Cir. 1998), cert. denied, 526 U.S. 1045 (1999); United States v. Haese, 162 F.3d 359, 366-68 (5th Cir. 1998), cert. denied, 526 U.S. 1138 (1999). That being so, the appellant's claim of evidentiary insufficiency necessarily fails.

The appellant also assigns error to the sentencing court's refusal to reduce his offense level for acceptance of

responsibility. The sentencing guidelines prescribe that a defendant's offense level should be trimmed by two levels, and sometimes three, if he accepts responsibility for the offense of conviction. See USSG §3E1.1. But a defendant is not automatically entitled to this adjustment. "Rather, he must demonstrate that he has taken full responsibility for his actions, and he must do so candidly and with genuine contrition." United States v. Saxena, ___ F.3d ___, ___ (1st Cir. 2000) [No. 99-1842, slip op. at 16-17]. A defendant who has elected to stand trial usually will not be able to meet this standard when he admits wrongdoing only after the jury has spoken. E.g., United States v. Collazo-Aponte, 216 F.3d 163, 205 (1st Cir. 2000) (warning that although a defendant who puts the government to its proof at trial theoretically may qualify for acceptance of responsibility, such occurrences will be rare). In either event, if the defendant is unable to persuade the sentencing court that he accepts responsibility and deserves the allowable credit, he faces an uphill climb in attempting to reverse that ruling on appeal. After all, a "defendant has the burden of proving his entitlement to an acceptance-of-responsibility credit, and the sentencing court's determination to withhold the reduction will be overturned only if it is

clearly erroneous." <u>United States</u> v. <u>Ocasio-Rivera</u>, 991 F.2d 1, 4 (1st Cir. 1993) (internal citations omitted).

In this case, the appellant's effort to set aside the district court's determination fails.  The sentencing guidelines generally discourage a downward adjustment for acceptance of responsibility in situations in which the defendant has "put[] the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  USSG §3E1.1, comment. (n.2).  That application note aptly describes this case:  the appellant tested the prosecution's mettle in a five-week trial, staunchly denied the essential facts upon which his ultimate conviction rested, and expressed remorse only after he stood on the brink of a life sentence.  The trial court, after entertaining extensive arguments, reviewed this fact pattern and declined to award an acceptance-of-responsibility credit.  The court stressed the "late stage" at which the appellant had finally acknowledged his guilt and determined that this was too little, too late.  In the process, the court found specifically that this was not "the rare instance" in which it should credit a belated, post-trial profession of remorse.  Because this determination has a solid foundation in the record, we must allow it to stand.  <u>See</u> <u>United States</u> v. <u>Royer</u>, 895 F.2d 28, 30

(1st Cir. 1990) (approving the denial of an acceptance-of-responsibility credit when "the court had a plausible basis for arriving at the conclusion"); see also USSG §3E1.1, comment. (n.5) (explaining that the "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility").

The appellant seeks to avoid this conclusion by insinuating that he exercised his right to trial for two valid reasons: first, to safeguard his objection to the court's denial of his pretrial motion to suppress certain statements; and second, because he was dissatisfied with the government's plea offer. These asseverations do not withstand scrutiny.

The first asseveration was not advanced before the sentencing court, and, thus, cannot be considered here.[2] See United States v. Dietz, 950 F.2d 50, 55 (1st Cir. 1991) ("A criminal defendant, dissatisfied with the district court's rulings at sentencing, yet persuaded that his original arguments lacked merit, cannot switch horses mid-stream in hopes of locating a swifter steed."). Moreover, the spuriousness of the claim is readily apparent: the suppression issue which the

---

[2]We could, of course, review the argument for plain error. See Alicea, 205 F.3d at 484. However, "the plain error hurdle is high," United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989), and the appellant clearly cannot vault over it.

appellant now claims he longed to preserve was not even presented to this court in his appellate brief.

This leaves us with the appellant's dissatisfaction with the plea offer. Plea bargains are products of negotiation, and a criminal defendant has no right to insist that the prosecutor offer him leniency in exchange for a guilty plea. Cf. United States v. Torres-Rosa, 209 F.3d 4, 9 (1st Cir. 2000) (explaining that the failure to secure leniency in sentencing is not a fair and just reason warranting a defendant's withdrawal of his guilty plea). Conversely, a prosecutor cannot prevent a defendant from acknowledging his guilt. Given these realities, a defendant cannot use his dissatisfaction with whatever plea offer the government, in its discretion, chooses to make (or, for that matter, the absence of any plea offer) as a basis for persisting in an outright denial of all guilt, undergoing trial, and nonetheless claiming an entitlement to an acceptance-of-responsibility credit.

We need go no further. We conclude, without serious question, that the evidence introduced at trial, taken in the light most congenial to the government's theory of the case, sufficed to ground the jury's verdict. We also conclude that the district court acted within the realm of its discretion in refusing to reduce the appellant's offense level for acceptance

of responsibility.  Consequently, his conviction and sentence must be

**<u>Affirmed</u>**.