Benigno **SANTIAGO–BECERRILL,**
Petitioner,

v.

**UNITED STATES of America,**
Respondent.

Civ.No. 98–2125(HL).
Crim.No. 94–345(HL).

United States District Court,
D. Puerto Rico.

March 19, 2001.

Benigno Santiago–Becerrill, Beaumont, TX, pro se.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a petition for post-conviction relief under 28 U.S.C. § 2255 filed by Benigno Santiago–Becerrill ("Santiago"). The superseding indictment in his criminal case charged him with two counts: the wrongful taking of a motor vehicle by force and violence, with a resulting death, under 18 U.S.C.A. §§ 2119(3) & 2 (West 2000), and the knowing use of a firearm in relation to a crime of violence, under 18 U.S.C.A. §§ 924(c)(1) & 2 (West 2000). *See* Dkt. No. 21. Santiago went to trial in January of 1995 and was found guilty on both counts of the superseding indictment. Santiago was sentenced on May 23, 1996 to life imprisonment on the first count and a consecutive sentence of sixty months' imprisonment on the second count. In addition, in case Santiago is ever released from prison, the Court sentenced Santiago to five years of supervised release on count one and three years on count two, to be served concurrently. Finally, the Court imposed a special monetary assessment of $100. Santiago appealed, and on November 20, 1997, the First Circuit affirmed his conviction. *See United States v. Santiago–Becerril*, 130 F.3d 11 (1st Cir.1997). Santiago then filed the present petition on October 7, 1998.

## DISCUSSION

### 1. Claim under *Bailey v. United States*

■ The instant petition for relief is Santiago's first under § 2255. Santiago claims that his conviction for knowing use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c)(1) was illegal. In stating his claim, Santiago mentions the Supreme Court's decision in *Bai-*

*ley v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Santiago's claim, however, is not properly a *Bailey* claim. Santiago correctly states that the Supreme Court declared in *Bailey* that "a conviction for use of a firearm under § 924(c)(1) requires the Government to show 'active employment of the firearm.'" *Bousley v. United States*, 523 U.S. 614, 617, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting *Bailey*, at 144, 116 S.Ct. 501). Santiago then points out that he did not actively employ a firearm, but rather his co-perpetrator, Pedro Antonio Ramos Rosa ("Ramos"), did so in killing Alexis Matos Herrera ("Matos"). .

The problem with Santiago's argument is that while he was not convicted of physically employing a firearm, he was convicted as a principal under 18 U.S.C. § 2. *Bailey* deals with the issue of whether a defendant can be convicted of "use" of a firearm when the firearm was merely available to him. *Bailey* does not have any bearing on whether a defendant can be convicted of using a firearm solely because of his coperpetrator's use of a firearm. In this case, Santiago was convicted of using a firearm because the jury found that he was guilty under 18 U.S.C. § 2 as a principal for the actual physical firearm use of Ramos. This statute provides,

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

▇ In accordance with this statute, the jury was instructed that

[t]he guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise. So, if another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds such a defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Dkt. No. 56. Thus, Santiago's argument that *Bailey* constituted an "intervening change in the law since his conviction, which makes it clear that he could not be convicted to [*sic*] the 924(c) count" is simply incorrect.[1] Santiago's *Bailey* claim is hereby denied.

---

1. Even if Santiago had stated a proper *Bailey* claim, he still would not be entitled to relief. By failing to raise a *Bailey* claim on appeal, Santiago procedurally defaulted his claim. *See Bousley*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828; *Brache v. United States*, 165 F.3d 99 (1st Cir.1999). In *Bousley*, the Supreme Court held that a petitioner whose direct appeal was pending when the Supreme Court decided *Bailey* procedurally defaulted his claim by failing to raise it on appeal. *Bousley*, 523 U.S. at 621, 118 S.Ct. 1604;

*Brache*, 165 F.3d at 102. Santiago's direct appeal was also pending when *Bailey* was handed down, and he failed to raise a *Bailey*-type claim. Further, the Supreme Court in *Bousley* virtually foreclosed the possibility of showing cause for the procedural default by pointing out that the *Bailey* claim, even before the Supreme Court had decided *Bailey*, was not so novel that a petitioner could be excused for failing to raise it at his direct appeal. *Bousley*, 523 U.S. at 622, 118 S.Ct. 1604; *Brache*, 165 F.3d at 102.

## 2. Jury Instruction Claim

Santiago also claims that the Court improperly instructed the jury at trial in violation of *Bailey*. Santiago points out that the instructions were erroneous in light of *Bailey*'s interpretation of "use" of a firearm under 18 U.S.C. § 924(c)(1). These instructions improperly allowed the jury to consider whether the gun was merely "available" to Santiago. Unfortunately for Santiago, and as already noted by the Court, Santiago can not show cause for procedurally defaulting this claim by failing to raise it on direct appeal.[2]

## 3. Claim of Jury Confusion

Essentially raising a *Bailey* claim again, Santiago argues that the jury was confused by the Court's instructions regarding use of the firearm because those instructions were based on the "confusing" pre-*Bailey* meaning of "use" of a firearm. Once again, Santiago procedurally defaulted any claims relating to the issue decided in *Bailey*.

## 4. Claim of Ineffective Assistance of Counsel for Failure to Raise Issue of Santiago's Non–Involvement in Shooting at Fleeing Victim

Santiago's next claim is that he was denied the effective assistance of counsel when the jury was allowed to consider against Santiago coperpetrator Antonio Jose Esquilin Garcia's ("Esquilin") having shot at fleeing victim Jesus Nieves Mercado ("Mercado"). Santiago claims that because he was yards away in an automobile when Esquilin shot at the fleeing victim, the jury should not have been allowed to consider the shooting at his trial on the § 924(c)(1) count. Santiago also points out that he was not aware of any plan to shoot at the fleeing victim. Thus, Santiago argues, his attorney was ineffective for failing to request a jury instruction directing the jury not to consider this event or for failing to move the Court to "dismiss this act from jury consideration."

The evidence presented at trial, which is not now disputed by Santiago, showed that after Matos had been shot face-down on the road to the dump in Ceiba, Santiago and his coperpetrators were taking the second victim, Mercado, to the house of a friend for advice on Mercado's fate. At some point, the group's two-vehicle caravan stopped near a playground in Humacao. Santiago remained in the vehicle that he had been driving while Esquilin walked with Mercado at gunpoint toward the playground. Mercado was then able to push Esquilin and run away. While he was running away, he heard a single shot fired. It is based on the jury's consideration of this shot that Santiago asserts a claim of ineffective assistance of counsel.

The Sixth Amendment guarantees a criminal defendant effective assistance of counsel in order to protect that defendant's fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Constitution does not guarantee a defendant a perfect or successful defense; rather, he is guaranteed " 'reasonably effective assistance under the circumstances then obtaining.' " *Lema v.*

---

**2.** The Court notes without deciding that even if Santiago had not procedurally defaulted his *Bailey* claim, the Supreme Court's decision in *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), may obviate the need for an inquiry into *Bailey* 's effect on Santiago's conviction. In *Muscarello*, the Supreme Court held that the word "carries" as used in the phrase "uses or carries a firearm" in 18 U.S.C. § 924(c)(1) "applies to a person who knowingly possesses or conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." *Id.* at 126–27, 118 S.Ct. 1911.

*United States,* 987 F.2d 48, 51 (1st Cir. 1993) (quoting *United States v. Natanel,* 938 F.2d 302, 309–10 (1st Cir.1991), *cert. denied,* 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed.2d 148 (1992)). A court should evaluate the challenged conduct not with the benefit of hindsight, but from the attorney's perspective at the time of the trial. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Lema,* 987 F.2d at 51.

■ A petitioner must show, first, that his counsel's performance was deficient and, second, that this deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Bucuvalas v. United States,* 98 F.3d 652, 658 (1st Cir.1996); *Bonneau v. United States,* 961 F.2d 17, 20 (1st Cir.1992). The petitioner has the burden of proving both prongs of this test, and the burden is a heavy one. *Bucuvalas,* 98 F.3d at 658. An attorney's performance is deficient if it is " 'so inferior as to be objectively unreasonable.' " *Id.* (quoting *United States v. McGill,* 11 F.3d 223, 226 (1st Cir.1993)). The petitioner must show that there is a reasonable probability that, but for his counsel's deficient performance, the outcome would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *United States v. Hart,* 933 F.2d 80, 83 (1st Cir.1991); *Carsetti v. Maine,* 932 F.2d 1007, 1012 (1st Cir.1991). He must show that his counsel's errors were so serious that they deprived him of a fair trial, a trial whose result is reliable. *United States v. Ademaj,* 170 F.3d 58, 64 (1st Cir.1999), *cert. denied,* 528 U.S. 887, 120 S.Ct. 206, 145 L.Ed.2d 173 (1999). There is a strong presumption that the counsel's performance comes within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The defendant must overcome the presumption that his counsel's performance could " 'be considered sound trial strategy.' " *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). The Court's scrutiny of the attorney's performance must be highly deferential. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

■ Santiago's claim of ineffective assistance of counsel can not survive scrutiny. Santiago's trial counsel was not deficient, and Santiago was not prejudiced by counsel's failure to attempt to insulate the jury from the evidence of the attempted shooting of Mercado. Although Santiago was not immediately present during the shooting and took no part in a plan specifically to shoot at Mercado as he fled, the law supports a finding of Santiago's liability for the shooting. Santiago was charged as a principal under 18 U.S.C. § 2, and it is clear that "a person who aids or abets the commission of a crime is punishable as a principal" under 18 U.S.C. § 2. *United States v. Salazar,* 66 F.3d 723, 729 (5th Cir.1995).

It is no less clear that courts have "never imposed a requirement that an individual be physically present when the gun is used to be convicted of aiding and abetting under § 924(c)(1)." *Salazar,* 66 F.3d at 729. *See also United States v. Simpson,* 979 F.2d 1282, 1288 (8th Cir.1992), *cert. denied,* 507 U.S. 943, 113 S.Ct. 1345, 122 L.Ed.2d 727 (1993) (setting forth generic formula for aiding and abetting liability). Indeed, a jury need only be able "to find that [Santiago] knew that the gun was at least available to [Esquilin] and that [Santiago] took some action which assisted [Esquilin's] use of the gun." It is beyond peradventure that Santiago's active participation in the evening's kidnaping and murder scheme was sufficient to allow a jury to draw these conclusions. Thus, Santiago's claim of ineffective assistance of counsel is hereby denied.

### 5. Claim of Violation of Witness–Bribery Statute

Santiago's fifth claim is that because the Government offered leniency to two witnesses in return for their testimony against Santiago, the Government violated the witness-bribery statute, 18 U.S.C.A. § 201(c)(2) (West 2000). For this reason, Santiago argues that his conviction must be vacated and a new trial held.

Santiago's claim is stillborn. The claim initially finds support in the Tenth Circuit's decision in *United States v. Singleton*, 144 F.3d 1343 (10th Cir.1998) (*Singleton I*). Since that decision, though, "the federal courts have been inundated with a flood of what have come to be called '*Singleton* arguments,' and [the First Circuit has taken] the opportunity to dam this misguided stream" by flatly rejecting these claims. *United States v. Lara*, 181 F.3d 183, 197 (1st Cir.1999), *cert. denied*, 528 U.S. 979, 120 S.Ct. 432, 145 L.Ed.2d 338 (1999). *See also United States v. Franky–Ortiz*, 230 F.3d 405 (1st Cir.2000) (rejecting *Singleton I*); *United States v. Vigneau*, 187 F.3d 82 (1st Cir.1999) (noting the holding in *United States v. Lara*). Indeed, the Tenth Circuit itself has disavowed *Singleton I* in *United States v. Singleton*, 165 F.3d 1297, 1298 (10th Cir.1999) (*en banc*) (*Singleton II*), *cert. denied*, 527 U.S. 1024, 119 S.Ct. 2371, 144 L.Ed.2d 775 (1999).[3] Thus, Santiago's claim is denied.

### 6. Claim that Carjacking Has an Insufficient Nexus to Interstate Commerce

Santiago also argues that the federal carjacking statute, 18 U.S.C.A. § 2119(3) (West 2000), is unconstitutional under the Commerce Clause. He recites the now-familiar argument that carjacking has an insufficient nexus to interstate commerce to survive scrutiny. Case law in this circuit holds unequivocally that the federal carjacking statute is constitutional. *See United States v. Rivera–Figueroa*, 149 F.3d 1, 3–4 (1st Cir.1998), *cert. denied*, 525 U.S. 910, 119 S.Ct. 251, 142 L.Ed.2d 206 (1998). Therefore, this clam fails.

### 7. Other Ineffective Assistance Claims

Santiago argues that his trial counsel was ineffective for failing to object to language in Count One of the Superseding Indictment that Santiago and his co-perpetrators were "in possession of a firearm, as this term is defined in Title 18, United States Code, Section 921(a)(3)." Prior to the filing of the Superseding Indictment, § 2119 had been amended to omit the statutory language which the indictment incorporated, and it was replaced with "with the intent to cause death or serious bodily harm." Instead of substituting one for the other, the Superseding Indictment included both phrases.

Even if Santiago's trial counsel were ineffective for failing to object to this language, Santiago suffered no prejudice as a result of the inclusion of the surplus language. The Government's inclusion of the unnecessary firearm language actually made proving the Government's case at trial more difficult by adding another element to the Government's case. Having failed to show that he was prejudiced by the inclusion of this language, Santiago's claim is hereby denied.

---

**3.** The Court notes that Santiago also presses a claim of ineffective assistance of counsel because of his trial lawyer's failure to raise a *Singleton* claim. Failure to raise a non-viable claim can not constitute ineffective assistance. A petitioner must show that his counsel's performance was deficient and that this deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 684–85, 104 S.Ct. 2052. When counsel's failure to raise a noncognizable claim is at issue, a petitioner can not demonstrate prejudice.

▮ Santiago also claims that his trial attorney was ineffective for failing to object to the Superseding Indictment's inclusion of the following language in Count Two: "as this term [firearm] is defined in Title 18 United States Code, Section 921(a)(3)." Again, even though this language does not appear anymore in § 924(c)(1), Santiago has suffered no prejudice as a result of its presence in his Superseding Indictment. Indeed, the term "firearm," as used in § 924(c)(1) is defined in § 921(a)(3). Thus, this claim is hereby denied.

Next, Santiago asserts that his trial counsel was ineffective for failing to raise the issue of the nexus between carjacking and interstate commerce. Unfortunately for Santiago, his lawyer's failure to raise a claim with no merit can not have prejudiced his defense.

Santiago goes on to claim that his trial attorney was ineffective because of his failure to "investigate the jurisdictional question of rather [sic] the Government had authority to charge the Petitioner with the carjacking statute without the wording that was added by the amendment in 1996." The wording to which Santiago refers expands the meaning of "serious bodily injury" in § 2119(2) to include "any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title." Santiago's claim fails for two reasons. First, Santiago was not charged with violating § 2119(2). He was charged with a violation of § 2119(3). Second, the language added to § 2119(2) by the 1996 amendment only serves to expand the meaning of "serious bodily injury" to include aggravated sexual abuse under § 2241 and sexual abuse under § 2242. This is simply irrelevant to Santiago's case.

▮ Santiago's penultimate claim of ineffective assistance is that his trial lawyer failed to raise timely the issue of Santiago's *constitutional* right to a speedy trial under the Sixth Amendment.[4] Because Santiago's attorney filed a motion to dismiss the superseding indictment for violation of his constitutional and statutory rights to a speedy trial only five days before trial, Santiago argues that his attorney "failed to ... demand the right at a proper time." The District Court denied Santiago's motion to dismiss, and Santiago appealed the denial. On appeal, the First Circuit held that Santiago's constitutional right to a speedy trial had not been violated because the four-part balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 530–33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), was not satisfied.

In making out a claim of ineffective assistance, Santiago bears the burden of showing that his trial counsel's performance was deficient and that the deficient performance prejudiced Santiago's defense. *See Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Even assuming that Santiago's attorney's performance was deficient, and this is far from clear, Santiago must show that there is a reasonable probability that, but for his counsel's deficient performance, the outcome of his trial would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Hart*, 933 F.2d at 83;

---

4. The Court notes that any claim of ineffective assistance of counsel regarding Santiago's *statutory* right to a speedy trial fails. The First Circuit held that Santiago's statutory right was not violated because his trial took place within the time period prescribed by the Speedy Trial Act, 18 U.S.C.A. § 3161 *et seq.* (West 2000). His trial counsel can not have been ineffective for failing to raise sooner the issue of a speedy trial right violation when there was no violation at all. Thus, Santiago can show neither deficient performance nor prejudice.

*Carsetti*, 932 F.2d at 1012. Santiago is unable to show that there is a reasonable probability that his attorney's earlier assertion of his constitutional right to a speedy trial would have resulted in a different outcome.

In his petition, Santiago attempts to demonstrate prejudice by speculating that

> there exists a possibility that had counsel forced a speedy trial, that the two codefendant [*sic*] might not have reached an agreement with the government to testify against Petitioner. This conception is proved by the long extended time that it took to secure the plea agreements.

This is nothing more than rank speculation and does not approach carrying Santiago's heavy burden of demonstrating prejudice. "It is not enough for [a § 2255 petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S.Ct. 2052. Santiago also points out in his attempt to demonstrate prejudice that he "suffered considerable anxiety which attends the initiation and pendency of the criminal charges [*sic*] and undue pressures caused must be considered in this claim." Santiago's anxiety, while certainly understandable, is not the kind of prejudice that is cognizable under *Strickland*'s prejudice formulation.[5] Instead, Santiago must demonstrate a reasonable probability that his trial counsel's failure to assert earlier his speedy trial right would have resulted in a different outcome at trial. Thus, Santiago's claim of ineffective assistance of counsel for failure to assert earlier his constitutional right to a speedy trial is hereby denied.

Santiago's final claim is that he was denied the effective assistance of counsel when his trial attorney "failed to investigate case law that would have led him to discover the government's violation of 18 U.S.C. § 201(c)(2)." As discussed previously, the application of the witness-bribery statute to cases like Santiago's has been thoroughly discredited in this Circuit and others. *See Lara*, 181 F.3d at 197. Because a claim of a violation of this statute was certain to fail, Santiago can not demonstrate deficient performance or prejudice because of his trial counsel's failure to investigate it.

WHEREFORE, for all of the reasons set forth above, the Court denies Santiago's § 2255 petition. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

---

5.   Santiago appears to conflate the showing of prejudice applicable under the four-factor *Barker v. Wingo* test with the showing of prejudice applicable under *Strickland*. The *Barker v.. Wingo* test determines whether a defen-

dant's constitutional right to a speedy trial has been denied, not whether he was denied the effective assistance of counsel. *See Santiago–Becerril*, 130 F.3d at 21–23 (applying *Barker v. Wingo* 's four-part test).