# United States Court of Appeals
## For the First Circuit

_____

No. 01-1319


UNITED STATES,

Appellee,

v.

JONATHAN CASH,

Defendant, Appellant.

_____


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

_____


Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

_____


Jonathan R. Saxe, Assistant Federal Public Defender, on brief for appellant.
Donald A. Feith, Assistant United States Attorney, with whom Paul M. Gagnon, United States Attorney, was on brief for appellee.

_____

October 5, 2001

_____

**LYNCH,** <u>Circuit Judge</u>.  Jonathan Cash pled guilty to bank robbery, 18 U.S.C. § 2113(a).  On appeal he challenges his eighty-four month prison sentence, claiming that the district court erred in three respects:  (1) in considering statements attributed in the Pre-Sentence Report to his cellmate Thomas Spillane where Spillane, citing his Fifth Amendment privilege, refused to testify at sentencing; (2) in awarding a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 for an attempted escape from prison; and (3) in not reducing defendant's sentence for acceptance of responsibility under U.S.S.G. § 3E1.1(B).

I.

These facts were developed at Cash's sentencing hearing.  The day before Cash pled guilty to the bank robbery, a correctional officer heard a noise and saw Cash using his hands to sweep up Sheetrock dust from the floor of his cell.  There were also small pieces of Sheetrock on the cell floor.  When questioned by the officer, Cash said that the white particles on the floor and in his hair were soap flakes that he and another inmate, a laundry room employee, had been throwing around.  The officer replied that the dust looked like Sheetrock, not soap.  Cash rejoined that the other inmate and he had been horsing around.  That inmate, however, denied the story and had been talking with

another officer at the time, as the officer confirmed. Cash's cellmate, Spillane, had no such dust in his hair.

The next day, another officer saw Cash's cellmate cowering alone in a corner of the cell. After examining the cell and noticing a hole in the ceiling, the officer questioned the cellmate, Spillane, who responded that he had "nothing to do" with the hole. (Spillane's statements were set forth in the Pre-Sentence Report.) Two officers then searched the cell and found a pry bar, a bag filled with Sheetrock, and a small grate that had been in the ceiling, as well as a hole in the wall.

The next day, an officer saw Cash assault Spillane, hitting him several times and stabbing a pen into Spillane's head and neck. During the stabbing, Cash said "nobody likes a rat."

## II.

Hearsay Objection at Sentencing.

Cash contends that the district court wrongfully took into account hearsay statements made by Spillane and that he was harmed since he was unable to cross-examine Spillane. He says Spillane's statement was an effort to shift blame for the escape holes to Cash, and so the statement was inherently unreliable.

The admission into evidence of hearsay statements made by Spillane is reviewed for abuse of discretion. Traditional rules of evidence do not govern the sentencing phase; nonetheless, hearsay

should provide sufficient indicia of reliability before it is admitted. U.S.S.G. § 6A1.3. Here, there was nothing inherently unreliable about the statement and it was corroborated by, inter alia, Cash's lie to the guard. There was no error. See United States v. Brewster, 127 F.3d 22, 27-28 (1st Cir. 1997).

Obstruction of Justice.

The district court's factual determination underlying its decision to award a two-level enhancement for obstruction of justice is reviewed for clear error. See United States v. Cardales, 168 F.3d 548, 558 (1st Cir. 1999). Escaping or attempting to escape from custody before sentencing is a proper basis for enhancement under U.S.S.G. § 3C1.1 app. note 4(e). See United States v. Emery, 991 F.2d 907, 912 (1st Cir. 1993); United States v. McCarthy, 961 F.2d 972, 979 (1st Cir. 1992). Thus, no question of law is presented.

Cash argues that the evidence did not show an attempted escape, but rather established only that he "was in the cell and that there were white dust-like particles in his hair." Not so. The evidence supports a finding by a preponderance of the evidence that Cash was responsible for the holes in the ceiling and wall of the cell: Cash was seen sweeping up the Sheetrock debris; had debris in his hair; deceitfully explained to the officer that he and another inmate had been playing with soap; and subsequently assaulted his cellmate,

calling him a rat, after his cellmate denied having anything to do with the hole.   There was no error.

<u>Acceptance of Responsibility</u>.

A downward adjustment for acceptance of responsibility is not automatically awarded to a defendant pleading guilty, and a district court's denial of such an adjustment will not be disturbed unless it is clearly erroneous.  <u>See</u> <u>United States</u> v. <u>Garcia</u>, 905 F.2d 557, 561 (1st Cir. 1990).  In cases involving both an obstruction of justice finding and a defendant's request for acceptance of responsibility credit, the commentary to the guidelines says that such credit may be given only in "extraordinary" cases.  U.S.S.G. § 3E1.1 app. note 4; <u>United States</u> v. <u>Lagasse</u>, 87 F.3d 18, 25 (1st Cir. 1996).  As the note states: "[c]onduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  U.S.S.G. § 3E1.1 app. note 4.

Cash's argument is that even if he was unrepentant about his escape attempt and his assault on his cellmate, he could be truly repentant about the bank robbery.  <u>Cf.</u> <u>United States</u> v. <u>Morrison</u>, 983 F.2d 730 (6th Cir. 1993).  It is true that a court may not require a defendant to accept responsibility for conduct beyond the offense of conviction, although such conduct may be considered.  <u>Lagasse</u>, 87 F.3d at 25.  Whatever the merits of Cash's argument in the abstract, it does not work here.  Cash was trying to escape from facing responsibility

and sentencing for the bank robbery -- the offense of conviction.  It can hardly be clear error for the district court to conclude that Cash, trying to avoid the penalty for bank robbery, was not entitled to acceptance of responsibility credit for his offense.  Indeed, it is difficult to even imagine circumstances extraordinary enough to permit a conclusion that one who seeks to run away from facing the consequences for his crime has accepted responsibility for the crime.

Affirmed.