**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1429

UNITED STATES OF AMERICA,
Appellee,

v.

NICKOYAN WALLACE,
Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

Before

Selya, Circuit Judge,

Stapleton* and Baldock,** Senior Circuit Judges.

Jon R. Maddox, by appointment of the court, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Margaret E. Curran, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, were on brief, for appellee.

August 21, 2003

_____

*Of the Third Circuit, sitting by designation.
**Of the Tenth Circuit, sitting by designation.

**Selya**, **Circuit Judge**.  On October 18, 2000, a federal grand jury sitting in the District of Rhode Island returned a four-count indictment against, inter alia, defendant-appellant Nickoyan Wallace.  The indictment charged him with the robbery of a gun shop (count 1); conspiring to commit the robbery (count 2); theft of firearms from a federally-licensed firearms dealer (count 3); and brandishing a firearm during and in relation to a crime of violence (count 4).  See 18 U.S.C. §§ 1951, 922(u), 924(c)(1)(A)(ii).  The appellant's first trial resulted in a hung jury.  Upon retrial, a second jury convicted him across the board.

The district court sentenced the appellant to a 120-month incarcerative term on the first three counts (the top of the applicable guideline sentencing range) and imposed a consecutive sentence of 84 months on count 4.  This appeal followed.

We will not tarry.  We have reviewed the record with care.  That appraisal reveals not only overwhelming evidence of the appellant's guilt but also the absence of reversible error.  Since the questions presented are straightforward, it would be pointless for us to write at length.  We will, however, comment on each of the appellant's four assignments of error.[1]

**1.**  The appellant complains that the district court, at sentencing, erroneously imposed a two-level enhancement for

_____

[1]There is also a fifth ground of appeal:  a claim of cumulative error.  That claim requires no discussion.

obstruction of justice (and, thus, effectively increased his sentence). We discern no error.

An enhancement under USSG §3C1.1 is proper when a defendant intentionally provides false testimony concerning a material matter. See United States v. Villarman-Oviedo, 325 F.3d 1, 16 (1st Cir. 2003); United States v. Rowe, 202 F.3d 37, 43 (1st Cir. 2000). Because this determination is inescapably factbound, appellate review is for clear error. United States v. Cash, 266 F.3d 42, 44 (1st Cir. 2001); United States v. David, 940 F.2d 722, 739 (1st Cir. 1991). Thus, the district court's finding of obstruction can be set aside only if whole-record review leaves us with the "definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

In this instance, the district court zeroed in on the appellant's attempt to distance himself from a cell phone that the robbers had left at the scene of the crime. The court found in pertinent part:

> There's no question that the defendant committed perjury during this trial. He lied bald faced lies and he was thoroughly impeached by the prosecutor. He created a fictitious man. This James Coleman didn't exist. The prosecutor completely devastated him on cross-examination concerning the use of that cell phone that was left behind. . . . And that is an attempt to obstruct justice.

Taken in context, this excerpt makes clear the district court's thinking that both the cell phone incident and the appellant's invention of "James Coleman" were simply examples of how far he was willing to stretch the truth.[2]  The more fundamental point is that the court believed — supportably — that the appellant testified falsely when he denied having anything to do with the robbery or the stolen guns.  The jury necessarily rejected the appellant's testimony in rendering its verdict and there can be no serious question as to the testimony's materiality.  Under these circumstances, the district court did not commit clear error in determining that the appellant provided materially false testimony. See, e.g., Villarman-Oviedo, 325 F.3d at 16.

**2.**    The appellant next argues that his jailhouse confession to a fellow inmate, Willie Preston, should not have been allowed as a part of the government's case in chief.  There are two problems with this argument.  First, the issue was never raised

---

[2]In all events, there was ample evidence that James Coleman did not exist and that the appellant invented him.  The trial evidence revealed that the appellant used the cell phone in question almost every day during the month leading up to the robbery, undercutting any claim that the phone belonged to the mysterious Coleman.  The most that the appellant can possibly hope to show is that the record supports conflicting inferences concerning whether Coleman really existed and was the true owner of the cell phone.  That dooms the appellant's quest, for the sentencing court's choice between plausible alternative inferences cannot be clearly erroneous. United States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990).

below (and is, therefore, forfeit).[3]  See Young v. Lepone, 305 F.3d 1, 13 (1st Cir. 2002) (observing that "[i]f any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not squarely raised in the lower court cannot be broached for the first time on appeal."); United States v. Slade, 980 F.2d 27, 32 (1st Cir. 1992) (similar). Second, Preston's testimony was properly admitted.  At the time of the conversation, Preston had no prearrangement with the government, and, indeed, had never heard about either the appellant or the gun shop robbery.  Thus, the confession was not obtained in violation of the rule announced in Massiah v. United States, 377 U.S. 201 (1964).  We explain briefly.

Massiah holds that a defendant is denied the basic protections of the Sixth Amendment when his own incriminating words are deliberately elicited from him post-indictment by a federal agent, in the absence of his counsel, and then used against him at trial.  Id. at 205-06.  Thus, a successful Massiah objection requires a defendant to show, at a bare minimum, that the person with whom he conversed had previously been enlisted for that purpose by the authorities.  United States v. LaBare, 191 F.3d 60, 65 (1st Cir. 1999).  In the case of a jailhouse informant, the person must have been instructed both to focus on, and actively to

---

[3]Indeed, the government claims, albeit without supporting authority, that the point is waived.  See Fed. R. Crim. P. 12(h). We need not decide that point.

-5-

elicit information from, the defendant. Id. at 64-65. Here, the informant (Preston) had no such marching orders. The informant's testimony was, therefore, properly admitted.

In an effort to blunt the force of this reasoning, the appellant argues that Preston's plea agreement, which contained a standard provision for a possible sentence reduction under USSG §5K1.1, supplied the necessary focus. Although this is an ingenious argument, it finds no support in the case law.[4] Moreover, the appellant failed to advance this argument below, and it borders on the absurd to suggest that the district court's allowance of the testimony constituted plain error. See, e.g., United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) (enumerating requisite elements of plain error).

For these reasons, this claim of error fails.

**3.** The appellant's third assignment of error focuses on a single sentence in the prosecutor's closing argument. After pointing out that defense counsel had been unable to show that Preston's testimony at the two trials was inconsistent in any respect, the prosecutor stated: "That's because there weren't any [inconsistencies]. He told the truth before, and he's telling the

---

[4]To fill this void, the appellant cites dictum in United States v. Washington, 318 F.3d 845, 861 (8th Cir. 2003) (suggesting that "after-the-fact" evidence showing government use of an informant's services or a reduction in sentence for an informant's cooperation may establish a focus on the defendant). Whatever may be said of that dictum generally, the facts of this case do not lend themselves to reaching out for it.

truth now.  Mr. Wallace told him about the robbery and about the phone."

The appellant objects to the underscored sentence as constituting impermissible vouching.  Because he interposed no contemporaneous objection, we review only for plain error.  United States v. Mejia-Lozano, 829 F.2d 268, 272 (1st Cir. 1987); United States v. Griffin, 818 F.2d 97, 99-100 (1st Cir. 1987).  We descry none here.

Vouching occurs when a prosecutor places "the prestige of the government behind a witness by making personal assurances about the witness' credibility."  United States v. Neal, 36 F.3d 1190, 1207 (1st Cir. 1994).  The law forbids such tactics because they "may induce the jury to trust the Government's judgment rather than its own view of the evidence," and thus imperil the accused's right to be judged solely on the basis of competent proof adduced at trial.  United States v. Young, 470 U.S. 1, 18-19 (1985).

Viewed against this backdrop, it is readily apparent that the underscored sentence represents an unfortunate choice of words. A reasonable juror easily could have taken it as a statement by the prosecutor of her personal belief in Preston's truthfulness (and, thus, as improper vouching).  But plain error requires, inter alia, a showing that the error affected the defendant's substantial rights.  See United States v. Olano, 507 U.S. 725, 732 (1993); Duarte, 246 F.3d at 60.  No such showing is possible here.

For one thing, any deleterious effect attributable to the statement was diluted because it was preceded by a detailed list of reasons why, based on the trial evidence, the jury should believe Preston's testimony. The challenged statement was tightly bound to that evidence-based argument. For another thing, immediately after making the challenged statement, the prosecutor refocused the jury on the evidence concerning Preston's credibility[5] — a step that made clear that she was not speaking from personal knowledge. Finally, the prosecution's case was robust, and the challenged statement was merely a single sentence in the course of a four-day trial.

The short of it is that the statement was improper and should have been omitted. But it is wildly unlikely that this brief and isolated comment so swayed the jury that the outcome of the trial was affected. Given the fleeting nature of the reference, the context in which it surfaced, the strength of the prosecution's case, and the court's cautionary instructions, we find that the error was harmless (and, therefore, not plain). See, e.g., United States v. Joyner, 191 F.3d 47, 54-55 (1st Cir. 1999); United States v. Sullivan, 85 F.3d 743, 750-51 (1st Cir. 1996); United States v. Rodriguez-Estrada, 877 F.2d 153, 158 (1st Cir. 1989); Mejia-Lozano, 829 F.2d at 273-74.

---

[5]In so doing, the prosecutor invited the jurors to look at the facts bearing on the credibility question, including Preston's demeanor while testifying.

**4.** The appellant's final argument posits that his attorney at the second trial rendered substandard assistance, principally in failing to call a particular witness. We need not delve into the particulars of this claim, for it is unripe.

This court has held, "with a regularity bordering on the monotonous," that claims of ineffective assistance of counsel generally cannot be raised for the first time on direct review, but, rather, are more properly asserted in a petition for post-judgment relief under 28 U.S.C. § 2255. United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993). We have, however, crafted a narrow exception to this general rule for the rare case in which the record is fully developed with respect to the ineffective assistance claim. See, e.g., United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991). The appellant seeks to bring his claim within this safe harbor.

His effort founders. "The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony." Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993). In this instance, we do not know if the witness was available, why defense counsel did not call her, or what stratagems might have influenced counsel's thinking. In fine, the record simply is not developed on the relevant points. Consequently, the claim is not ripe for review. See, e.g., United States v. Martinez-Vargas, 321 F.3d 245,

251 (1st Cir. 2003); <u>United States</u> v. <u>Perez-Carrera</u>, 243 F.3d 42, 45 (1st Cir. 2001); <u>United States</u> v. <u>Torres</u>, 162 F.3d 6, 11 (1st Cir. 1998).

We need go no further. For aught that appears, the appellant was fairly tried, justly convicted, and lawfully sentenced. We therefore affirm the judgment below, without prejudice, however, to the appellant's right to raise his ineffective assistance of counsel claim, if he so chooses, by means of a timely petition for post-conviction relief. <u>See</u> 22 U.S.C. § 2255.

**<u>Affirmed</u>**.