The ESTATE OF Vicente MOLINA–VELEZ, Plaintiff,

v.

**R.J. REYNOLDS TOBACCO COMPANY, et al, Defendants.**

**Civil No. 02–2172 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 30, 2003.

Francisco Padilla–Rodriguez, San Juan, PR, for Plaintiff.

Salvador Antonetti–Zequeira, Rosalie Irizarry–Silvestrini, Fiddler, Gonzalez & Rodriguez, San Juan, PR, Stephanie J. Malbrough, Atlanta, GA, William A. Graffam, Juan R. Rivera–Morales, Jimenez, Graffam & Lausell, San Juan, PR, Sonia B. Alfardo De–La–Vega, San Juan, PR, Francisco A. Besosa, Adsuar, Muniz, Goyco & Besosa, San Juan, PR, Stacey A. Koch, Shook Hardy & Bacon L.L.P., Miami, FL, Pedro J. Santa–Sanchez, O'Neill & Borges, San Juan, PR, Mary Elizabeth McGarry, Maya Raghu, Simpson Thatcher and Bartlett LLP, New York City, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before this Court's consideration is defendants' R.J. Reynolds Tobacco Company, Lorillard Tobacco Company, and Brown & Williamson Tobacco Corporation (hereinafter "the defendants"), motion to dismiss (Docket No. 6) and Plaintiffs' the Estate of Vicente Molina (hereinafter "plaintiffs") opposition to defendants' motion to dismiss (Docket No. 16). For the reasons set forth below, defendants' motion to dismiss is **GRANTED.**

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to request dismissal of an action for "failure to state a claim upon which relief can be granted" Fed.R.Civ.P. 12(b)(6). When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual averments and indulge all reasonable inferences in plaintiff's favor. *Calderon–Ortiz v. Laboy–Alvarado,* 300 F.3d 60, 63 (1st Cir.2002) (citing *SEC v. SG Ltd.,* 265 F.3d 42, 46 (1st Cir.2001)). "If the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory, we must set aside the order of dismissal". *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1997); *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996)). "A complaint must set forth a factual allegation either directly or inferential respecting each material element necessary to sustain recovery under some actionable legal theory" *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997).

 "It is well established that affirmative defenses ... may be raised in a motion to dismiss an action for failure to state a claim". *Blackstone Realty LLC v. FDIC,* 244 F.3d 193, 197 (1st Cir.2001). In the case of an affirmative defense based on the statute of limitations, granting a motion to dismiss is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred. See, e.g. *Street v. Vose,* 936 F.2d 38, 39 (1st Cir.1991); *Kali Seafood Inc. v. Howe Corp.* 887 F.2d 7, 9 (1st Cir.1989).

## BACKGROUND

Vicente Molina smoked since he was young; by 1985, he was smoking at least one pack of cigarettes a day. He had been smoking for about 20 years before his death in 1987. In 1981, he began to experience health problems such as a persistent cough, shortness of breath, and symptoms of common cold that would sometimes develop into bronchitis. He was hospitalized in October 1986 due to the symptoms mentioned above, and was diagnosed with lung abscess which could possibly be a lung carcinoma. Later he was diagnosed with emphysema. By June

1987 Vicente Molina was confined to bed and was being cared for by family members. On July 3, 1987 Vicente Molina passed away.

Defendants advance two grounds for dismissal: that the claims are time-barred, and that the complaint fails to conform to the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiffs claim that became aware that they had a valid cause of action in *November 2001,* when they found information in the newspaper pertaining to this matter. They then decided to seek more information and obtain legal advice.

## DISCUSSION

 Even though it is not properly stated in the claim, plaintiffs seek a remedy for the damages caused under Article 1802 of the Puerto Rico Civil Code. Article 1868 of the Code, however, establishes a one-year limitation period for personal injury claims contemplated by Article 1802. The one-year period begins to run after the date of accrual of the claim. *Espada v. Lugo* 312 F.3d 1, 3 (1st Cir.2002); see also 31 P.R. Laws Ann. § 5298 (Article 1868). "A claim accrues, and thus can be instituted, when the injured party has: notice of his injury and knowledge of the likely identity of the tortfeasor". *Espada,* at 3. Notice of the injury exists when there are "some outward or physical signs through which the aggrieved party may become aware and realize that he or she has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed". *Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 13 (1st Cir.1997); *See also, Estate of Pedro Alicano Ayala v. Philip Morris Inc.,* 263 F.Supp.2d 311, 313 (D.P.R.2003). An exception to the statute of limitations occurs when plaintiff can demonstrate that he or she has complied with the "diligence standard" and that plaintiff's suspicions were assuaged by the person who caused the injury. *Espada* at 4. It is clearly stated in *Rodriguez–Suris, supra,* that this exception applies only when the diligent plaintiff reasonably relies upon representations made by a tortfeasor that her symptoms are not the result of a negligent or otherwise tortious act.

Plaintiffs claim that defendants entered into a conspiracy to defraud the public which precluded Vicente Molina Velez from making a conscious decision whether or not to smoke, from connecting the cause and effect between cigarette smoking and the cancer that caused his death, and from knowing that they had a cause of action. Plaintiffs allege that defendants engaged in fraudulent activities in order to misrepresent the hazards of smoking. Some of the activities mentioned in plaintiffs' claim include false statements about smoking and disease, biased research, keeping the fact of nicotine addiction "an open question", and concealing the development of a "less harmful cigarette", all in an effort to mislead the public into believing that there was no conclusive evidence that related smoking to smoking-related diseases.

The claim was filed 15 years after Vicente Molina's death. Defendants argue that if plaintiffs had no knowledge of their cause of action, it was due to their lack of diligence. They allege that there were numerous means by which plaintiffs knew or should have known before November 2001 that there was a potential link between Vicente Molina's illness and his smoking. In addition to these allegations, defendants argue that plaintiffs gave no explanation as to why they did not know of Vicente Molina's emphysema diagnosis and its potential link to smoking at the time of the decedent's diagnosis or his death. According to defendants, some of the facts

that suggest that plaintiff knew or should have known about the cause of Vicente Molinas death include: (1) various well-known government reports that have been published since 1964 about health hazards associated with smoking; (2) the fact that the Surgeon General's warning concerning health hazards associated with cigarette smoking has been included in every pack of cigarettes sold in Puerto Rico since January 1, 1996; (3) plaintiffs had been in contact with various health professionals since October 1986 and continuously until July 3, 1987 who could have informed plaintiffs as to the causes of decedent's illness; and (4), that the health hazards associated with cigarette smoking are commonly known to the general public and have been known for a long time.

■ "In cases where a tort claim is filed beyond the one-year statutory term, plaintiff bears the burden of proving timeliness by establishing that [he] lacked the necessary knowledge or imputed knowledge before instituting the action." *Espada*, 312 F.3d at 4 (citing *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 19 (1st Cir. 2000)). Plaintiffs have not stated in their claim or in their opposition any facts as to their diligent acts, that could surpass the statute of limitations defense. It is not enough to state that plaintiffs were not aware that they had a valid cause of action until November 2001. In order to comply with the limited statute exception, it is necessary to demonstrate that plaintiffs were diligent in investigating the cause of Vicente Molina's death. Accordingly, these efforts should have been stated and supported in the claim. Even after accepting plaintiffs' allegations that they acquired such knowledge in November 2001, we must apply the "reasonable person" standard in order to decide if the plaintiffs "knew or should have known" that they had a cause of action before the aforementioned date.

In plaintiffs' claim, there are several statements that demonstrate that they *should have known well before November of 2001* that cigarette smoking can cause serious health problems. For example, it is stated in the claim that, since the 1940's, scientific research has been published about the relationship between cigarette smoking and diseases, including lung cancer. By 1964, the United States Surgeon General published a report identifying cigarette smoking as one of the leading causes of cancer and has since published other reports with evidence supporting its conclusion. Vicente Molina was treated by health care professionals since 1968 and was diagnosed as having lung abscess and emphysema. He was also hospitalized regularly until his death on July 3, 1987. All of these statements point to the numerous opportunities that plaintiffs had to look into the possible cause of Vicente Molina's health condition, and to plaintiffs' lack of diligence in inquiring and investigating said cause.

Furthermore, Courts throughout the United States have declared that the hazards of smoking are "common knowledge". *Soliman v. Philip Morris Inc.* 311 F.3d 966 (9th Cir.2002); *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168 (5th Cir. 1996); *Roysdon v. R.J. Reynolds Tobacco Co.*, 849 F.2d 230 (6th Cir.1988). Since 1965, every cigarette pack sold in the United States has had a label stating: "Caution Cigarette Smoking May Be Hazardous to Your Health ...". *Cipollone v. Liggett Group, Inc.* 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992); see also Federal Cigarette Labeling and Advertising Act of 1965, (as amended at 15 U.S.C. § 1331–1340.) Since 1996, every pack of cigarettes sold in Puerto Rico has contained printed warnings. It strains credulity to believe that, from the time of Vicente Molina's death in 1987 until Nov. of 2001, given the copious media attention to the hazards

and health effects of smoking, plaintiffs had no reason or opportunity to make the connection between Vicente Molina's smoking, his chronic illness, and subsequent death.

Dismissal under Rule 12(b)(6) is appropriate if a plaintiffs' pleadings do not lend any support to a finding of due diligence or reasonable reliance. *Estate of Ayala v. Philip Morris, Inc.,* 263 F.Supp.2d 311, 320 (D.P.R.2003). In that case, the Court found that plaintiffs, who filed a claim against a group of tobacco companies seven years after Pedro Alicano–Ayala's death, had not met the due diligence standard necessary to toll the statute of limitations. The factual pattern and allegations of the case at hand are nearly identical. Plaintiffs' pleadings do not provide any factual allegations that could sustain a *prima facie* claim that they acted in a diligent matter and that as a result their claim was not time-barred. On the contrary, all facts support the conclusion that plaintiffs knew or should have known that cigarette smoking could cause serious health injuries long before the claim was submitted. Therefore, this Court finds that as a matter of law plaintiffs' claim against defendants is time-barred.

### CONCLUSION

This Court finds that plaintiffs have not presented any facts showing that they acted in a diligent matter, nor complied with the "diligence standard" required in order for this claim to be timely. For the foregoing reasons, defendants' Motion to Dismiss is hereby **GRANTED** and the claims against all Defendants are **DISMISSED** with prejudice. Judgment shall issue accordingly.

IT IS SO ORDERED.