**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1405

UNITED STATES,

Appellee,

v.

NICKOYAN WALLACE,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, Senior U.S. District Judge]

---

Before

Torruella, Circuit Judge,
Campbell, Senior Circuit Judge,
and Selya, Circuit Judge.

---

Nickoyan Wallace on brief pro se.
Margaret E. Curran, United States Attorney, and Donald C. Lockhart, Assistant U.S. Attorney on brief for appellee.

---

December 11, 2003

---

**Per Curiam**.    Nickoyan Wallace has appealed the district court's denial of his pro se motion, filed during the pendency of his direct criminal appeal, that was purported to be filed pursuant to Fed. R. Civ. P. 60(b) and sought to vacate his criminal conviction.   Neither the district court nor the government remarked on the obvious proposition that Rule 60(b) of the Federal Rules of *Civil* Procedure is an inappropriate procedural vehicle to vacate a criminal conviction.   In any event, the motion was correctly denied.

Wallace contends that he was not present at a discussion that occurred during trial among the trial court, government counsel and his own defense counsel.  Even assuming that Wallace was not present, Wallace points to the inference in the record of this discussion, but then proffers nothing (for example, an affidavit of his counsel) to rebut the government's explanation (also record-based) that the discussion concerned the taking of a recess in order to get Willie Preston, an incarcerated government witness, into the courtroom and Preston's restraints removed without Preston's restraints being seen by the jury.  We are thus left with this unrebutted conclusion regarding the substance of the prior discussion.

"[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its

outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). He has a right to be present "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" and "to the extent that a fair and just hearing would be thwarted by his absence." Snyder v. Massachusetts, 291 U.S. 97, 105-06, 108 (1934). Wallace's attendance at the discussion concerning the use of a recess to bring Preston into the courtroom had no reasonably substantial relation to the fullness of his opportunity to defend against the criminal charges of robbery of a gun shop and related firearms offenses and a fair and just hearing on those charges was not thwarted by his absence. See United States v. Oles, 994 F.2d 1519, 1525 (10th Cir. 1993) (defendant failed to establish that his presence at an administrative conference, at which potential retained counsel informed court that he would not be representing defendant, would contribute to the fairness of the overall proceeding and defendant's absence from this conference did not impinge on defendant's opportunity to defend against criminal charge); United States v. Shukitis, 877 F.2d 1322, 1329-30 (7th Cir. 1989) (defendant's presence at conferences concerning alleged violations of court's witness sequestration order would not have aided the court in its determination of any violation and

-3-

his absence did not affect his ability to defend against the criminal drug charges).

Wallace's remaining claims of error in the admission of Preston's testimony are meritless. His claim of a violation of the mandate of <u>Massiah</u> v. <u>United States</u>, 377 U.S. 201 (1964), was adjudicated adversely to him in his direct criminal appeal and may not be relitigated. <u>See</u> <u>United States</u> v. <u>Wallace</u>, 71 Fed. Appx. 868, 2003 WL 21982022 (1st Cir. Aug. 21, 2003) (unpublished). And, his claim of error in the admission of Preston's testimony as a result of judicial bias is patently frivolous.

<u>Affirmed</u>.