**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2624

THE ESTATE OF VICENTE MOLINA-VELEZ, ET AL.,

Plaintiffs, Appellants,

v.

PHILLIP MORRIS, INC., ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Francisco A. Padilla on brief for appellants.
Salvador Antonetti Zequeira, Luis A. Oliver, Rosalie Irizarry Silvestrini, and Fiddler, González & Rodríguez, P.S.C., Robert H. Klonoff, James R. Johnson, L. Christine Buchanan and Jones Day, William A. Graffam and Jiménez, Graffam & Lausell, William E. Hoffman, Jr., William L. Durham, II, Jacob E. Daly and King & Spalding, LLP, Francisco Besosa and Adsuar, Muñiz, Goyco & Besosa, P.S.C., Kenneth J. Reilly, Stacey A. Koch and Shook, Hardy & Bacon, L.L.P., on brief for appellees.

---

June 30, 2004

---

**Per curiam.** Plaintiff-appellants are family members of the decedent, Vicente Molina-Velez, who died of cigarette-related illnesses. They appeal from the district court's statute of limitation-based dismissal of their complaint against defendant-appellee cigarette manufacturers. We affirm the dismissal.

## I. BACKGROUND

Plaintiffs alleged the following facts in their complaint. In 1987, Molina died at the age of 89 from cigarette-related illnesses.[1] In 1981, he began to experience persistent coughing, shortness of breath, and bronchitis; in 1986 he was hospitalized with these symptoms and diagnosed with a lung abscess; later he was diagnosed with emphysema. Plaintiffs allege that they did not become aware of any cause of action against the defendants until November 2001, fourteen years after Molina's death. On August 8, 2002, they filed a complaint in the United States District Court for the District of Puerto Rico alleging that the defendants engaged in conspiracy and fraud.

On September 30, 2003, in a published opinion, the district court dismissed the plaintiffs' claims on timeliness grounds. In re Molina-Velez v. R.J. Reynolds Tobacco Co., 286 F. Supp.2d 185, 190 (D.P.R. 2003). It held that that plaintiffs had

_____

[1]In the complaint, plaintiffs first allege that Molina had smoked cigarettes for about twenty years before his death; later they contend that he had been a smoker "since a young age." As Molina died at age 89, these two statements are factually contradictory.

-2-

failed to allege the requisite diligence in attempting to ascertain the cause of Molina's illness, hence they were not entitled to tolling of the applicable one-year statute of limitations on their claims.  Id.  On November 21, 2003, the district court denied plaintiffs' motion for reconsideration.  This appeal followed.

## II. DISCUSSION

After careful review of the record, we hold that the district court correctly concluded that plaintiffs' claims were untimely under Puerto Rico law because of their failure to exercise the requisite diligence in discovering their cause of action.  We need not repeat the district court's able reasoning.

Only one issue bears elaboration.  In their appellate brief, plaintiffs contend that "because of the effects of the conspiracy perpetrated by Defendants, Plaintiffs were ignorant as to the cause of decedent's illness and their damages."  They assert that the statute of limitation was tolled by defendants' dissemination of "false information to contradict the true facts of the dangers related to cigarette smoking."

It is true that under Puerto Rico law, the applicable statute of limitation can be tolled "if a plaintiff's suspicions that she may have been the victim of a tort are assuaged by the person who caused the injury."  Espada v. Lugo, 312 F.3d 1, 3 (1st Cir. 2002) (quoting Rodriguez-Suris v. Montesinos, 123 F.3d 10, 16 (1st Cir. 1997)(internal quotation marks omitted)).  Such reliance

must be reasonable, however.  Rodriguez-Suris, 123 F.3d at 16. Indeed, "such tolling may be halted by further information that renders plaintiff's reliance on those assurances no longer reasonable, so that plaintiff then has an obligation of diligent investigation." Espada, 312 F.3d at 4 (citing Rodriguez-Suris, 123 F.3d at 17).

Nowhere in their filings do plaintiffs offer specific facts as to defendants' conduct after Molina's death that assured them that they did not have a cause of action.  Hence, there is no foundation for their contention that defendants effectively nullified the common knowledge about the dangers of smoking and prevented plaintiffs from perceiving the link between smoking and Molina's illnesses.  See Estate of Alicano Ayala v. Phillip Morris, Inc., 263 F. Supp.2d 311, 319 (D.P.R. 2003).

> Even if Plaintiffs were legitimately confused . . ., the easy access to public sources of information confirming the health hazards of smoking--including government reports, warning labels, and the health care industry--imposed on the Plaintiffs an obligation to at least investigate further. . . . Inertia, passiveness, and indifference in the face of confusing or contradictory information is inconsistent with the due diligence standard.

Id. (internal citations omitted.)  In sum, the allegations in plaintiffs' complaint do not support the diligence or reasonable reliance necessary to toll the applicable statute of limitation. Accordingly, we affirm the dismissal.

Two motions also are before us: (1) defendants' motion to file a pamphlet containing the complaint filed in <u>United States v. Philip Morris USA, Inc.</u>, No. 99-CV-02496 (D.D.C.), and (2) plaintiffs' motion for sanctions on the ground that defendants engaged in excessive designation with respect to the contents of the appendix. As to defendants' motion, because we affirm the decision below without reliance on the pamphlet, we see no need to determine the admissibility of this evidence.

Plaintiffs' motion for sanctions is based on the contention that defendants required them to file an amended appendix that included both the original complaint and an amended complaint filed in this case. <u>See</u> Fed. R. App. P. 30(b); L.R. 30(e).[2] They maintain that the inclusion of these documents was "unnecessary," but offer no explanation or support for this statement. Moreover, it appears that defendants agreed to pay the costs of including the requested documents, as required by Rule 30(b)(2). Accordingly, we discern no reason to impose sanctions on defendants, and deny plaintiffs' motion.

---

[2]Fed. R. App. P. 30(b)(2) provides that "if any party causes unnecessary parts of the record to be included in the appendix, the court may impose the cost of those parts on that party.". In addition, Rule 30(b)(2) states, "Each circuit must, by local rule, provide for sanctions against attorneys who unreasonably and vexatiously increase litigation costs by including unnecessary material in the appendix." Our Local Rule 30(e) so provides.

For the reasons set forth supra, we **<u>affirm</u>** the district court's dismissal of the complaint and **<u>deny</u>** plaintiffs' motion for sanctions.