

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2009

# USA v. Hector Roche-Moreno

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2931

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Hector Roche-Moreno" (2009). *2009 Decisions.* Paper 1244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

:

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2931
_____

UNITED STATES OF AMERICA

v.

HECTOR RADAMES ROCHE-MORENO,
a/k/a Eduardo Gonzalez-Santiago

Hector Radames Roche-Moreno,
Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 07-cr-191)
District Judge:  Honorable Christopher C. Conner

_____

Argued May 20, 2009

Before:  FUENTES, JORDAN and NYGAARD, *Circuit Judges*.

(Filed : June 03, 2009)
_____

Ronald A. Krauss   [ARGUED]
Office of Federal Public Defender
100 Chestnut Street - #306
Harrisburg, PA   17101
        *Counsel for Appellant*

Christy H. Fawcett
Theodore B. Smith, III   [ARGUED]
Office of United States Attorney
228 Walnut Street - #220
P.O. Box 11754
Harrisburg, PA 17108
     *Counsel for Appellee*

————————

OPINION OF THE COURT

————————

JORDAN, *Circuit Judge*.

Hector Radames Roche-Moreno appeals a judgment from the United States District Court for the Middle District of Pennsylvania sentencing him to 140 months in prison. On appeal, he contends that the District Court committed a procedural error by sentencing him as a career offender. Because the District Court correctly interpreted the Sentencing Guidelines according to their plain meaning, we will affirm.

## I.    Background

On November 27, 2007, Roche-Moreno pled guilty to a four-count indictment charging him with illegal reentry into the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(2) and 6 U.S.C. §§ 202(3), (4), and 557; distribution and possession with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and criminal forfeiture, under 21 U.S.C. § 853(p).

2

In the Presentence Report ("PSR"), the United States Probation Office set forth Roche-Moreno's criminal history, including details regarding four prior convictions for controlled substance offenses. On April 16, 1991, Roche-Moreno had pled guilty in Pennsylvania state court to three felony drug charges and was sentenced to concurrent terms of 3 to 6 years in prison. On September 27, 1991, Roche-Moreno had pled guilty to a fourth felony drug charge and was sentenced to 1 to 3 years in prison, with his sentence to run concurrently with the sentences he received on April 16th of that year. During the September 1991 sentencing hearing, the state prosecutor indicated that Roche-Moreno's fourth felony drug conviction should have been presented with his other three convictions for sentencing on April 16, 1991, but that it had not been because of a bureaucratic error:

> There is a plea agreement in this case, Your Honor. On April 16th [Roche-Moreno] was sentenced on docket 3093 Criminal Division 1990 by Judge Morgan to three to six years in the state prison. This case is an old case from 1990. It should have been in here at that time. Somehow it got held up in the system, so there is a deal for a concurrent sentence on this charge.

(App. 17.)

Based on his prior drug convictions, the PSR noted that, for purposes of sentencing in the District Court, Roche-Moreno qualified as a career offender. It then listed the

3

calculation of his offense level in this case as 34 and the applicable Guidelines range as 262 to 327 months in prison.[1]

At the sentencing hearing, Roche-Moreno challenged his designation as a career offender. He argued that, if it were not for a bureaucratic stumble by the prosecution before the state court, he would have been sentenced for all four of his prior drug offenses on the same day and would not have qualified as a career offender under the Guidelines. The District Court rejected that argument. It proceeded to grant him a three-level departure for acceptance of responsibility and an additional three-level departure for substantial assistance to the government. The departures lowered Roche-Moreno's offense level from 34 to 28 and decreased his Guidelines range to 140 to 175 months.

Roche-Moreno then asked the Court for a downward variance based on the facts underlying his designation as a career offender. In making his argument, he stressed that if he had not been sentenced as a career offender, his Guidelines range, with the two departures, would have been 87 to 104 months. The District Court denied the variance request and sentenced Roche-Moreno to 140 months in prison for each of his three offenses – cocaine possession and distribution, money laundering, and illegal reentry – with the terms to run concurrently. He filed a timely appeal and argues that the District

---

1 The PSR grouped the drug trafficking and money laundering counts pursuant to U.S.S.G. § 3D1.2(c). The illegal reentry count was considered separately.

Court imposed a procedurally unreasonable sentence by sentencing him as a career offender.

## II.    Discussion[2]

Under the Sentencing Guidelines, career offenders are "subject to particularly severe punishment." *Buford v. United States*, 532 U.S. 59, 60 (2001). "[A] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1

Prior to November 2007, the Guidelines specified that, for the purpose of determining whether a defendant was a career offender, prior felony convictions were to be counted separately unless they were "related." U.S.S.G. Supp. to App. C, Amendment 709 at 235. Under the pre-2007 Guidelines, "prior sentences [were] considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a

---

2 Because Roche-Moreno was tried for offenses against the laws of the United States, the District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction to review the District Court's judgment of conviction and sentence because it is a final order, under 28 U.S.C. § 1291, and because Roche-Moreno is challenging his sentence, under 18 U.S.C. § 3742(a). The parties have assumed that the decision of the District Court is subject to review under a "clearly erroneous" standard, pursuant to *United States v. Zats*, 298 F.3d 182, 185 (3d Cir. 2002). We need not decide whether the changes to the Guidelines discussed herein alter that standard of review, because even under the strictest *de novo* review, the outcome we reach is the same.

single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* at 236. That framework spawned a "significant amount of litigation" and prompted the Sentencing Commission, in November 2007, to issue Amendment 709 to the Sentencing Guidelines. *Id.* at 238.

Amendment 709 removed the concept of "related" cases from the Guidelines and simplified the framework so that "if there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). Under this new framework, the District Court determined that, because Roche-Moreno was sentenced on three drug offenses on April 16, 1991, and a fourth drug offense on September 27, 1991, he had at least two prior felony convictions for controlled substance offenses and thus met the definition of a career offender.

Roche-Moreno argues that, but for the state prosecutor's mistake in not presenting the fourth drug offense with the other three on April 16, 1991, he would have been sentenced on all four of those felony drug offenses on the same day and would not have qualified as a career offender under the Guidelines. He asks us to inject equity into our interpretation of the phrase "on the same day" and to hold that, due to his unique circumstances, he was functionally sentenced on the same day for the four prior offenses.

The Guidelines were amended to provide a straightforward, easily applicable rule for counting prior convictions. Accepting Roche-Moreno's argument for an equitable

6

interpretation of "on the same day" would directly contravene the purpose of Amendment 709 by reintroducing the type of fact-intensive "relatedness" inquiries that prompted the Amendment in the first instance. We conclude, therefore, that the District Court was correct in not allowing Roche-Moreno's appeal to equity to obscure the plain meaning of the Sentencing Guidelines.

## III.    Conclusion

Because the District Court correctly interpreted the Guidelines according to their plain meaning, we will affirm.