**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2503
_____

UNITED STATES OF AMERICA

v.

HECTOR RADAMES ROCHE-MORENO,
a/k/a/ Eduardo Gonzalez-Santiago,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 07-cr-00191)
District Judge:  Honorable Christopher C. Connor

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2010
Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed November 17, 2010)

_____

OPINION
_____

PER CURIAM

Hector Roche-Moreno appeals pro se from the District Court's order denying his

motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We will affirm.

1

I.

In 2007, Roche-Moreno pleaded guilty to an indictment that included a charge of distribution and possession with intent to distribute 50 to 150 grams of crack cocaine and five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a). The District Court determined that the weight of the drugs at issue triggered a Sentencing Guidelines base offense level of 32. It also determined that Roche-Moreno's prior felony drug offenses rendered him a career offender for Guidelines purposes. It ultimately sentenced him to 140 months of imprisonment. Roche-Moreno appealed, arguing that the District Court should have counted only one prior felony offense instead of two for career offender purposes. We rejected that argument and affirmed. See United States v. Roche-Moreno, 331 F. App'x 110 (3d Cir. 2009).

Roche-Moreno later filed pro se a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 706 to the Sentencing Guidelines, which reduced the base offense level for most crack cocaine offenses. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). Roche-Moreno also filed a motion to amend his motion, which contained additional arguments. The District Court struck both pro se filings from the record because Roche-Moreno was represented by counsel, but later allowed counsel to withdraw, reinstated the motion, and denied it by order entered May 17, 2010. Roche-Moreno appeals.[1]

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have

The District Court correctly held that Roche-Moreno is not eligible for a sentence reduction under the amendments to the crack cocaine Sentencing Guidelines. Those amendments lowered the base offense level for 50 to 150 grams of crack cocaine from 32 to 30. See U.S.S.G. § 2D1.1(c)(5) (2007); Mateo, 560 F.3d at 154. Roche-Moreno's offense, however, also involved more than five kilograms of cocaine hydrochloride, and the base offense level for crimes involving that amount remains 32. See U.S.S.G. § 2D1.1(c)(4).

As the District Court explained, Application Note 10 to U.S.S.G. § 2D1.1 provides that the two-level reduction "shall not apply" if the reduction results in an offense level that is less than the offense level applicable to "the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base)" involved in the offense. U.S.S.G. § 2D1.1 Application Note 10(D)(ii)(II). Thus, because Roche-Moreno's base offense level remains 32 on the basis of the quantity of cocaine hydrochloride involved, the crack cocaine amendments do not entitle him to a reduction.

Roche-Moreno does not present any argument to the contrary. Instead, he repeats his argument that the District Court should not have classified him as a career offender because it should have treated all of his prior felony offenses as only a single offense for

jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a motion under § 3231 for abuse of discretion, though we review its interpretation of the Sentencing Guidelines de novo. See Mateo, 560 F.3d at 154.

career offender purposes.  We squarely rejected that argument in his previous appeal and need not address it again.  See Roche-Moreno, 331 F. App'x at 112-13.  Roche-Moreno also argues that career offender status does not render him ineligible for a reduction under the crack cocaine amendments.  That argument is not relevant to the basis for the District Court's ruling or our affirmance, and we thus need not reach it.[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2] We also need not reach the Government's argument for affirmance on the alternative ground that Roche-Moreno is not eligible for a sentence reduction because his sentencing range was calculated according to his career offender status rather than the amount of crack cocaine involved in the offense.  See Mateo, 560 F.3d at 154-55.

4