**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> JUVENTINO IBARRA GONZALEZ, *Defendant-Appellant*. | No. 12-50160 <br><br> D.C. No. 2:11-cr-01190-DSF-1 <br><br><br> ORDER AND OPINION |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 11, 2013[*]
Pasadena, California

Filed September 10, 2013

Before: Susan P. Graber, Johnnie B. Rawlinson,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Graber

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel redesignated a memorandum disposition as an opinion, with modifications, in a case in which a defendant convicted of illegal reentry argued that the district court erred at sentencing when calculating his criminal history score.

The panel rejected the defendant's contention that the district court should have treated two prior sentences as a single sentence under U.S.S.G. § 4A1.2(a), rather than as two separate sentences, where the two sentencing hearings were originally scheduled for the same day and would have taken place on the same day if not for the fact that the proceedings were set at different courthouses. The panel declined to read an equitable exception into the guideline's plain text.

The panel rejected the defendant's contention that the district court erred by assessing points under U.S.S.G. § 4A1.1(d) on the ground that he was on parole when he committed the present offense. The panel observed that the record contains no evidence that the defendant's parole was discharged automatically as a matter of state law or in fact. The panel saw no reason why a term of unsupervised parole would not qualify as a "criminal justice sentence" under § 4A1.1(d).

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Matthew B. Larsen, Deputy Federal Public Defender, and Sean K. Kennedy, Federal Public Defender, Los Angeles, California, for Defendant-Appellant.

James M. Left, Special Assistant United States Attorney, André Birotte Jr., United States Attorney, and Robert E. Dugdale, Assistant United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

## ORDER

Appellee's request to publish the unpublished Memorandum disposition is GRANTED. The Memorandum disposition filed July 15, 2013, is redesignated as an authored opinion by Judge Graber, with modifications. The time for filing a petition for rehearing and petition for rehearing en banc shall start anew as of the filed date of this opinion.

## OPINION

GRABER, Circuit Judge:

Defendant Juventino Ibarra Gonzalez appeals from the district court's judgment sentencing him to a term of 51 months in prison after he pleaded guilty to having reentered the United States illegally after removal, in violation of 8 U.S.C. § 1326. He argues that the sentencing court erred in two ways when calculating his criminal history score. First, he argues that the court should have treated two prior

sentences as a single sentence under U.S.S.G. § 4A1.2(a), rather than as two separate sentences. Second, Defendant asserts that the district court erred by assessing additional points under U.S.S.G. § 4A1.1(d) because there was insufficient proof that he was on parole when he committed the present offense. Neither argument persuades us.[1] Accordingly, we affirm.

A. *U.S.S.G. § 4A1.2(a)*.

Section 4A1.2(a)(2) of the Sentencing Guidelines provides that prior sentences must be "counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Here, Defendant's prior sentences facially fail to meet either criterion for the exception to separate counting to apply. He was sentenced for possession for sale of marijuana on May 23, 2008; that crime occurred on February 26, 2008. On June 3, 2008, Defendant was sentenced for a burglary that he committed on March 20, 2006. The two offenses were charged in two separate instruments. Thus, the crimes took place two years apart, the crimes were charged separately, and the two sentences were imposed on different days.

The district court applied the Guideline as written. The court treated the two prior sentences as separate and,

---

[1] We review de novo the district court's interpretation of the Sentencing Guidelines, such as its inclusion of a prior conviction in the calculation of the criminal history score. *United States v. Lichtenberg*, 631 F.3d 1021, 1024 (9th Cir. 2011). We review for clear error the district court's factual findings during sentencing. *United States v. Schafer*, 625 F.3d 629, 639 (9th Cir. 2010).

accordingly, applied two three-point increases to Defendant's criminal history. *See* U.S.S.G. § 4A1.1(a) ("Add 3 points for each prior sentence of imprisonment exceeding one year and one month.").

Defendant argues, though, that the district court should have treated the two prior sentences as one because the two sentencing hearings originally *were* scheduled for the same day and would have taken place on the same day if not for the fact that the proceedings were set at two different courthouses. He contends that it is arbitrary to give effect to a mere accident of geography; to do so "contravenes the Guidelines' goal of eliminating sentencing disparity based on trivialities such as geography to impose harsher punishment on defendants previously sentenced by courts in large rather than small counties." We disagree.

Section 4A1.2(a) contains a clear, straightforward, easily applied rule for counting prior convictions. We will not read into that section's plain text the equitable exception that Defendant desires. The drafters of the Guidelines were aware of the fact-intensive inquiries that had taken place under an earlier version of this section. And they knew that, by requiring the sentences to be imposed on the same day, the Guideline would treat differently situations that might seem equitably similar (one defendant sentenced at 9 a.m. and 4 p.m. on the same day would have one sentence counted, while another sentenced for the same crimes at 4 p.m. on one day and 9 a.m. on the next day would have two sentences counted). But the drafters chose a bright line, and we will respect it. In so holding, we join our sister circuits. *See, e.g., United States v. Jones*, 698 F.3d 1048, 1050–51 (8th Cir. 2012) (rejecting an argument for treating sentences as one because the offenses were inextricably intertwined, refusing

to "ignore the clear instruction from section 4A1.2(a)(2)");
*United States v. Graves*, 418 F.3d 739, 745 (7th Cir. 2005)
(treating sentences as separate although they were concurrent
and one plea agreement referred to another, because the literal
terms of the Guideline were not met); *United States v. Roche-
Moreno*, 331 F. App'x 110, 112 (3d Cir. 2009) (unpublished)
(rejecting an argument for treating sentences actually
imposed on different days as one, even though the sentences
should have been imposed on the same day, because to do so
would "directly contravene the purpose" of the Guidelines).[2]

B.  *U.S.S.G. § 4A1.1(d)*.

The district court also assessed two criminal history
points because Defendant committed the present offense
while on parole.  Section 4A1.1(d) provides for a two-point
enhancement for committing an "offense while under any
criminal justice sentence, including . . . parole."

Defendant does not dispute that he was placed on parole
when he was released from prison on March 31, 2011, for the
burglary offense.  Instead, he argues that, as a matter of state
law, his parole terminated automatically once he was
deported from the United States on April 20, 2011.  But the
California Department of Corrections and Rehabilitation
policy memorandum that Defendant cites in support of his
argument states only that a parolee who has been deported
*may* be discharged following certain procedural steps.  The
memorandum does not provide for an automatic discharge
from parole.  The record contains no evidence that the

---

[2] Unpublished opinions from the Third Circuit are not binding on that
court but may be cited as persuasive authority.  *United States v. Kluger*,
No. 12-2701, 2013 WL 3481505, at *22 n.18 (3d Cir. July 9, 2013).

relevant steps were taken here or that Defendant was in fact discharged from parole.

To the contrary, the presentence report discloses that Defendant was on non-revocable parole until April 1, 2012, under California Penal Code section 3000.03. Defendant illegally returned to the United States on May 13, 2011. Thus, the district court did not clearly err when it found that Defendant was on parole at the time he violated 8 U.S.C. § 1326.

In the alternative, Defendant contends that, if he was on non-revocable parole at the relevant time, that form of parole does not meet the requirements of a "criminal justice sentence" under U.S.S.G. § 4A1.1(d) because it is unsupervised. The application notes for that provision state that "a 'criminal justice sentence' means a sentence . . . having a custodial or supervisory component, although active supervision is not required for this subsection to apply." U.S.S.G. § 4A1.1(d) cmt. n.4. As Defendant acknowledges, a person on non-revocable parole is subject at least to warrantless searches by the police. That condition alone satisfies the requirement that the criminal justice sentence at issue have a "supervisory component." *Id.* Moreover, the application notes state that even a "term of unsupervised probation" would fall within the definition of "criminal justice sentence." *Id.* We see no reason, in the structure or purposes of the Guidelines, why a term of unsupervised parole would not similarly qualify as a "criminal justice sentence."

**AFFIRMED.**