**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TODD RUSSELL FRIES, AKA Todd
Burns,
*Defendant-Appellant*.

No. 13-10654

D.C. No.
4:11-cr-01751-
CKJ-CRP-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
February 6, 2015—San Francisco, California

Filed August 10, 2015

Before: Richard C. Tallman and Johnnie B. Rawlinson,
Circuit Judges, and Marvin J. Garbis, Senior District
Judge.[*]

Opinion by Judge Rawlinson

---

[*] The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

## SUMMARY[**]

### Criminal Law

Affirming a sentence for unlawful possession of unregistered destructive devices, the panel rejected the defendant's contention that the district court impermissibly included his prior convictions for false statements and use of a chemical weapon, which were severed from the unregistered device charges, in calculating the defendant's criminal history category.

The panel held that the district court properly calculated the defendant's criminal history pursuant to U.S.S.G. § 4A1.2. The panel explained that the defendant's prior concurrent sentences for use of a chemical weapon and making false statements were prior sentences under U.S.S.G. § 4A1.2(a)(1) because they involved conduct that was unrelated to the defendant's possession of unregistered destructive devices; and that the prior concurrent sentences did not constitute multiple sentences under U.S.S.G. § 4A1.2(a)(2). The panel rejected the defendant's contention that he was punished for successfully severing the unrelated counts.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Richard C. Bock, Tucson, Arizona, for Defendant-Appellant.

John S. Leonardo, United States Attorney, Robert L. Miskell, Appellate Chief, and Peter D. Sax (argued), Assistant United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

## OPINION

RAWLINSON, Circuit Judge:

Appellant Todd Russell Fries (Fries) challenges his sentence for his unlawful possession of unregistered destructive devices in violation of 26 U.S.C. § 5861(d). Fries asserts that the district court impermissibly included his prior convictions for false statements and use of a chemical weapon, which were severed from the unregistered device charges, in calculating Fries' criminal history category. We affirm Fries' sentence.[1]

## I. *BACKGROUND*

In a second superseding indictment, Fries was charged with use of a chemical weapon in violation of 18 U.S.C. § 229(a), making a false statement to a Federal Bureau of Investigation (FBI) agent in violation of 18 U.S.C. § 1001, and unlawful possession of unregistered destructive devices

---

[1] Fries raised several other issues concerning his trial and conviction, which are addressed in a memorandum disposition filed contemporaneously with this opinion.

in violation of 26 U.S.C. §§ 5861(d) and 5871.  Count One alleged that Fries:

> did knowingly develop, produce, and otherwise acquire, transfer directly or indirectly, receive, stockpile, retain, own, possess, use, and threaten to use a chemical weapon, namely a combination of a chlorinated cyanuric acid and an unknown reactive chemical component, which when combined, created airborne toxic chemicals, including chlorine not intended for peaceful purposes, protective purposes, unrelated military purposes or law enforcement purposes as described in 18 U.S.C. § 229F(7), by placing a device on the driveway in front of the garage and on the back porch of [a] residence . . . [i]n violation of Title 18 U.S.C. §§ 229(a) and 2.

Count Two alleged that Fries "did knowingly and willfully make false, fraudulent, and fictitious material statements and representations, in a matter within the jurisdiction of the Federal Bureau of Investigation" in violation of 18 U.S.C. § 1001(a)(2).

Count Three alleged that Fries knowingly possessed "two . . . cylindrical type devices, sealed at both ends, fused with common hobby fuse, and containing low-explosive main charge and with copper plated metal balls adhered to the cylinders as an added fragmentation" and "one . . . spherical device, sealed, fused with common hobby fuse, and containing low-explosive main charge and with copper plated metal balls adhered to the sphere as an added fragmentation

enhancement . . ." in violation of 26 U.S.C. §§ 5861(d) and 5871.

Count Four charged Fries with knowingly possessing "fifteen . . . cylindrical type devices, sealed at both ends, fused with common hobby fuse, and containing low-explosive main charge" and "six . . . spherical devices, sealed, fused with common hobby fuse, and containing low-explosive main charge" with "copper plated metal balls for use as an added fragmentation enhancement . . ." Counts Three and Four also alleged that Fries failed to register the devices in the National Firearms Registration and Transfer Record as required by 26 U.S.C. § 5841.

Fries filed a motion to sever the chemical weapons and false statement offenses from the offenses charging possession of unregistered devices. The magistrate judge considering the motion recommended severance of the counts because the chemical weapons charge "involved the creation of a chemical cloud using a combination of chlorcyanuric acid and an unknown reactive chemical component," whereas the possession of destructive devices charges involved "devices discovered at [Fries'] home in August 2011. These devices [were] not created with chemicals. They [were] mechanical in nature, made with fuses, metal bars and a low-explosive main charge." The magistrate judge observed that "the chemical cloud and the explosive devices [were] separated by twenty-one months of time. The chemical cloud was allegedly created in May 2009 and the explosive devices were discovered in August 2011. There is no allegation that the explosive devices were made contemporaneously to the chemical cloud." The magistrate judge also noted that Fries "allegedly had a target for the chemical cloud; the cloud was created to seek revenge against a specific set of victims for a

specific reason . . . In contrast, the Government has not alleged a victim nor a motive for the creation of the explosive devices discovered in August 2011. . . ."

The district court adopted the magistrate judge's recommendation and granted severance of the destructive devices counts because the charges were "not sufficiently of similar character or connected to meet the requirements of Rule 8(a) of the Federal Rules of Criminal Procedure. . . ."[2]

In a separate trial, Fries was convicted by a jury for his use of chemical weapons and for making false statements to the FBI. He was sentenced to concurrent sentences of 151 months' imprisonment for the chemical weapons offense and 60 months' imprisonment for the false statement offense. *See United States v. Fries*, 781 F.3d 1137, 1140, 1146 (9th Cir. 2015).

After Fries was convicted by a jury on the severed charges of possession of unregistered destructive devices, the presentence report (PSR) was prepared. Fries' base offense level was calculated at 18 and his total offense level was 24. A Criminal History Category of II was recommended based on Fries' prior convictions for making a false statement and for use of a chemical weapon. The PSR recommended a

---

[2] Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

guideline sentencing range of fifty-seven to seventy-one-months' imprisonment.

Fries objected to the criminal history calculation. The district court rejected Fries' argument that his prior convictions should not be included in his criminal history, and adopted the recommendations in the PSR. The district court concluded that, because the prior convictions were severed and based on totally separate incidents, the prior convictions should be included in Fries' criminal history. The district court observed that there was no risk of double punishment because it did not consider the prior convictions as part of Fries' relevant conduct in the subsequent case. Ultimately, the district court adopted the recommended guideline sentencing range of fifty-seven to seventy-one-months' imprisonment, and sentenced Fries to sixty months' imprisonment, with twenty months running consecutively to his prior sentence.

Fries filed a timely notice of appeal.

## II. *STANDARD OF REVIEW*

"We review de novo the district court's interpretation of the Sentencing Guidelines, such as its inclusion of a prior conviction in the calculation of the criminal history score. . . ." *United States v. Gonzalez*, 739 F.3d 420, 422 n.1 (9th Cir. 2013) (citation omitted).

## III.  *DISCUSSION*

Fries contends that the district court erred in sentencing him to sixty-months' imprisonment based on a criminal history category that reflected his prior convictions for use of

a chemical weapon and for making false statements, when those charges had been severed from the charges of possessing unregistered devices. Fries maintains that if the prior counts had not been severed, United States Sentencing Guidelines (U.S.S.G.) §§ 4A1.2 and 5G1.3 would not have supported a higher sentence. Fries specifically argues that he was punished for having prevailed on his severance motion.

We disagree, and conclude that the district court did not err in including Fries' prior convictions for the severed counts in its computation of Fries' criminal history score.

Pursuant to U.S.S.G. § 4A1.2(a)(1) (2013)[3]:

> The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.

Section 4A1.2(a)(2) (2013) delineates that:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless

---

[3] The PSR utilized the 2013 version of the sentencing guidelines.

(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. . . . (citation omitted).

The Application Note for Sentencing Guideline § 4A1.2 provides that:

"Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of §1Bl.3 (Relevant Conduct).

U.S.S.G. § 4A1.2 cmt. n.1 (citation omitted).

"[T]he purpose of § 4A1.2 is to reflect the seriousness of a defendant's criminal history, while, at the same time, avoiding overstating the seriousness of the defendant's criminal conduct." *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1169–70 (9th Cir. 2009) (citation, alteration, and internal quotation marks omitted). "The ultimate goal remains finding a sentence that accurately reflects both the seriousness of the underlying federal offense and the extent and nature of the defendant's criminal past." *Id.* at 1170

(citation and internal quotation marks omitted). To ensure that a defendant's criminal history is not overstated or double counted, § 4A1.2(a)(1) first limits conduct that can be considered in the criminal history calculation to conduct that is "not part of the instant offense." *Id.* Second, § 4A1.2(a)(2) requires treating prior sentences that are imposed in related cases as a single sentence. *See id.* The application note "clarifies that if the two prior sentences are not separated by an intervening arrest, they are considered related if they resulted from sentences that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* (footnote reference and internal quotation marks omitted). "Thus, § 4A1.2 limits the number of points that can be assigned in criminal history by first ensuring that the prior sentence has not actually been calculated as part of the instant offense, and secondly, by ensuring that prior cases, related to each other, do not count twice." *Id.* (internal quotation marks omitted).

The district court's inclusion of Fries' convictions for use of a chemical weapon and for making a false statement in the calculation of Fries' criminal history complied with U.S.S.G. § 4A1.2. As charged in the second superseding indictment, the false statement and chemical weapon offenses occurred in August, 2009, whereas the unlawful possession of unregistered destructive devices occurred in May, 2011. It is evident from the indictment and the record that Fries' offenses were not related, as they occurred on separate occasions, were not part of a common scheme, were not consolidated, and the earlier offenses involved conduct that was not "part of the instant offense." U.S.S.G. § 4A1.2 & cmt. n.1.

Relying on our decision in *Gonzalez*, Fries asserts that offenses charged in the same indictment should not have been utilized in calculating his criminal history score. In that case, the defendant asserted that his prior sentences should have been construed as a single sentence because "the two sentencing hearings originally *were* scheduled for the same day and would have taken place on the same day if not for the fact that the proceedings were set at two different courthouses. . . ." 739 F.3d at 422 (emphasis in the original). Rejecting the defendant's argument, we observed that the prior convictions were properly incorporated into the criminal history calculation because "the crimes took place two years apart, the crimes were charged separately, and the two sentences were imposed on different days." *Id.*

Contrary to Fries' assertions, neither *Gonzalez* nor U.S.S.G. § 4A1.2(a)(2)(A) precludes inclusion of Fries' prior convictions for the severed offenses from the calculation of his criminal history score. Fries' strongest argument is that the severed offenses were contained in the same charging instrument as the remaining offenses. To be sure, in *Gonzalez* we cited the fact that "[t]he two offenses were charged in two separate instruments" in analyzing whether the prior sentences should be counted separately. *Gonzalez*, 739 F.3d at 422. Nevertheless, U.S.S.G. § 4A1.2(a)(2)(A) does not categorically preclude consideration of a prior sentence in calculating a criminal history category for offenses "contained in the same charging instrument." U.S.S.G. § 4A1.2(a)(2)(A). Rather, the guideline provides that "*multiple prior sentences*" for offenses charged in the same instrument are treated as a single sentence in certain circumstances. U.S.S.G. § 4A1.2(a)(2) (emphasis added). Notably, Fries' sentence did not involve "multiple prior sentences," but rather a "prior sentence" that was "imposed

upon adjudication of guilt . . . by . . . trial . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1); *see also Cruz-Gramajo*, 570 F.3d at 1170 (articulating that U.S.S.G. § 4A1.2(a)(2) requires "prior *sentences* imposed in related cases to be treated as one sentence") (alteration and internal quotation marks omitted) (emphasis added); *see also Gonzalez*, 739 F.3d at 422 (referencing the "*two* prior sentences") (emphasis added).

The district court's inclusion of Fries' prior concurrent prison terms for the severed counts comports with § 4A1.2(a)(1) because Fries' use of a chemical weapon and false statements to the FBI involved conduct that was not relevant to Fries' possession of unregistered destructive devices. *See Cruz-Gramajo*, 570 F.3d at 1174 (explaining that "[w]here there is no difficulty identifying severable harms caused by multiple offenses, the goal of § 4A1.2 in preventing overstating a defendant's criminal history is not offended"). Although Fries received separate sentences for his chemical weapon and false statement convictions, they were designated to run concurrently, thereby having the effect of a single sentence. Indeed, they were treated as a single sentence in the PSR, as only three criminal history points were assessed for the separate sentences. *See* U.S.S.G. § 4A1.1 (providing that the district court may "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month"). Additionally, the severed counts were temporally distinct from the counts charging unlawful possession of unregistered destructive devices. *See Gonzalez*, 739 F.3d at 422 (observing that two prior sentences were correctly included in the defendant's criminal history calculation partly because "the crimes took place two years apart").

The district court, therefore, did not err in including Fries' prior convictions related to the severed counts in calculating Fries' criminal history category under U.S.S.G. § 4A1.2(a)(1), and the court imposed a reasonable sentence of sixty months' imprisonment with twenty months running consecutively to Fries' prior sentence. *See United States v. Shouse*, 755 F.3d 1104, 1108–09 (9th Cir. 2014) (upholding a consecutive sentence); *see also* U.S.S.G. § 5G1.3(c). Fries does not otherwise challenge the reasonableness of his sentence.

Accordingly, Fries' contention that he was punished for successfully severing the unrelated counts is unpersuasive. *See United States v. Mack*, 200 F.3d 653, 659 (9th Cir. 2000) (concluding that "[n]othing in the record indicates that the district court based the enhanced sentences on the defendants' decision to exercise their constitutional right to go to trial"); *see also United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012) (holding that the district court's proper application of the sentencing guidelines did not punish the defendant "for exercising his right to receive a full and fair trial") (citation and internal quotation marks omitted).

## IV.    *CONCLUSION*

The district court properly calculated Fries' criminal history category pursuant to U.S.S.G. § 4A1.2. Fries' prior concurrent sentences for use of a chemical weapon and making false statements were prior sentences under U.S.S.G. § 4A1.2(a)(1) because they involved conduct that was unrelated to Fries' possession of unregistered destructive devices. However, they did not constitute multiple sentences under U.S.S.G. § 4A1.2(a)(2). The district court's sentence was reasonable, did not contravene the sentencing guidelines,

and did not punish Fries for successfully severing unrelated counts.

**AFFIRMED.**