Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-1603

UNITED STATES OF AMERICA,

Appellee,

v.

ANDRE HUNTER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Kayatta, Circuit Judges.

Clifford B. Strike and Strike, Goodwin & O'Brien on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Julia M. Lipez, Assistant United States Attorney, on brief for appellee.

June 27, 2016

**SELYA**, **Circuit Judge**. Defendant-appellant Andre Hunter challenges his 235-month sentence, raising three discrete claims of error. After careful consideration, we affirm.

Since this appeal follows a guilty plea, we draw the facts from the change-of-plea colloquy, the undisputed portions of the presentence investigation report (PSI Report), and the transcript of the disposition hearing. See United States v. Almonte-Nuñez, 771 F.3d 84, 86 (1st Cir. 2014). In mid-2014, the Drug Enforcement Administration along with local law enforcement agencies began investigating the appellant's activities in and around Portland, Maine. The investigation confirmed that the appellant was trafficking both heroin and cocaine, and that he commanded a number of underlings. The appellant was arrested in September, and a search of his home turned up drug paraphernalia and around $30,000 in cash.

In due season, a federal grand jury returned an indictment. A superseding indictment charged the appellant with one count of conspiring to distribute heroin and cocaine and two related specific-offense counts. See 21 U.S.C. §§ 841(a)(1), 846. The appellant eventually pled guilty to all three counts, with no plea agreement.

The PSI Report recommended a base offense level of 30 (tied to drug quantity), see USSG §2D1.1(c)(5); a two-level enhancement for the appellant's leadership role, see id.

§3B1.1(c); a further two-level enhancement for engaging in a pattern of criminal activity as a livelihood, see id. §2D1.1(b)(15)(E); and a final two-level enhancement for obstruction of justice, see id. §3C1.1. The appellant's extensive criminal history — including a string of sex-related offenses and two separate convictions for non-payment of child support — placed him in criminal history category (CHC) V. Based on these findings, the PSI Report calculated the applicable guideline sentencing range (GSR) at 292 to 365 months (even though the statutory maximum sentence on each count of conviction was twenty years).

At the disposition hearing, the appellant objected to these guideline calculations, arguing, inter alia, that his early guilty plea and overall recognition of the severity of his actions qualified him for a three-level downward adjustment for acceptance of responsibility. See id. §3E1.1. He also argued that his two convictions for non-payment of child support should be counted together as one conviction, thus yielding only a single criminal history point and shrinking his CHC accordingly.

The district court convened the disposition hearing on May 15, 2015. Premised on a revised drug-quantity finding, the court lowered the appellant's base offense level to 28. The court then accepted the probation office's recommended enhancements, declined to credit the appellant for acceptance of responsibility, and assessed a separate criminal history point for each of the two

- 3 -

non-payment of child support convictions.  Calculating the GSR to be 235 to 293 months, the court imposed a bottom-of-the-range sentence: 235 months.  This timely appeal ensued.

Review of sentencing decisions is generally approached through a two-step process.  See United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011); United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  "We begin by examining allegations of procedural error."  United States v. Rivera-González, 776 F.3d 45, 48 (1st Cir. 2015).  Next, we consider challenges to the substantive reasonableness of the sentence.  See id.  A sentencing court's interpretations of the sentencing guidelines trigger de novo review, though its findings of fact are evaluated only for clear error.  See United States v. Walker, 665 F.3d 212, 232 (1st Cir. 2011).  Where a sentencing court's "decision is based on reasonable inferences drawn from adequately supported facts," that decision is not clearly erroneous.  United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004).

It is a bedrock proposition that procedural reasonableness requires that a district court accurately calculate the GSR.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Vázquez-Martínez, 812 F.3d 18, 22-23 (1st Cir. 2016).  This makes sense because "[t]he Guidelines provide a framework or starting point . . . for the judge's exercise of [sentencing] discretion."  Freeman v. United States, 564 U.S. 522, 529 (2011).

Here, the appellant's first claim of procedural error implicates the district court's guideline calculations: he laments the court's denial of a three-level downward adjustment for acceptance of responsibility.

The guidelines instruct that if a defendant "clearly demonstrates acceptance of responsibility for his offense," he may receive a two-level downward adjustment. USSG §3E1.1(a). "If the defendant receives this first-tier adjustment and if his offense level, calculated without reference to the first-tier adjustment, is 16 or more, [a] second tier comes into play." United States v. Meléndez-Rivera, 782 F.3d 26, 29 (1st Cir. 2015). That second tier provides an opportunity for an additional offense-level reduction, contingent "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." USSG §3E1.1(b).

The appellant maintains that he qualifies for both of these reductions owing to his guilty plea and acknowledgment of wrongdoings.[1]  The district court disagreed, and so do we.

---

[1]  The appellant claims an entitlement to both the first-tier and the second-tier reductions even though the government never

- 5 -

To begin, a defendant has no automatic entitlement to a downward adjustment for acceptance of responsibility. See United States v. Franky-Ortiz, 230 F.3d 405, 408 (1st Cir. 2000). Here, moreover, the district court supportably determined that the appellant had obstructed justice. The court grounded this determination on two primary justifications: a finding that the appellant, after his arrest, had instructed another individual to dispose of drugs stored in his residence; and a finding that the appellant had lied to the probation office about the sale of his motorcycle and then encouraged his girlfriend to help him cover up the lie.[2]

The Sentencing Commission has explained that "[c]onduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." USSG §3E1.1, comment. (n.4). Nevertheless, the imposition of such an enhancement does not automatically place a downward adjustment for acceptance of responsibility beyond a defendant's reach. "Ordinarily" does not mean "always," and the guidelines recognize that such a reduction

made the gate-opening motion needed to reach the second tier. Because his assignment of error fails on more substantive grounds, we do not dwell on this irregularity.

[2] Although the appellant attempts to challenge those findings and the ensuing enhancement, that challenge is empty. After all, the appellant admitted below that he had committed the obstructive acts, and he also admitted that he had done so deliberately.

may be appropriate in "extraordinary cases." USSG §3E1.1, comment. (n.4); see United States v. Cash, 266 F.3d 42, 45 (1st Cir. 2001). Such cases, though, are "hen's-teeth rare." United States v. Maguire, 752 F.3d 1, 6 (1st Cir. 2014).

At any rate, the burden of proving acceptance of responsibility rests with the defendant. See United States v. Deppe, 509 F.3d 54, 60 (1st Cir. 2007). In this instance, the appellant offers nothing in the way of persuasive evidence to mitigate his blatant and twice-repeated obstruction of justice. Actions have consequences, and this obstructive conduct was antithetic to any meaningful acceptance of responsibility. Accordingly, the sentencing court did not clearly err in viewing the appellant's case as run-of-the-mine rather than extraordinary. It follows that the court did not clearly err in declining to adjust the appellant's offense level for acceptance of responsibility.

The appellant's second claim of procedural error also implicates the sentencing guidelines — more specifically, the propriety of his placement in CHC V. This claim centers on his two prior convictions for failing to pay child support. Although the district court assigned separate criminal history points for each of these convictions, the appellant contends that those two convictions, collectively, should have counted for only one

criminal history point.  This contention runs headlong into the actual language of the guidelines.

Some background is helpful to place this claim of error in perspective.  Determining a defendant's CHC is an essential step in calculating his GSR.  Here, the probation office assigned the appellant eleven criminal history points (including one point for each of his two non-payment of child support convictions). This proposed criminal history score situated the appellant in CHC V.  See USSG 5, Pt. A.  While retaining the two points for the two non-payment of child support convictions, the district court reduced the appellant's criminal history score to ten; but this revised score still left the appellant in CHC V.  See id.

The appellant challenges the district court's ruling, arguing that the non-payment of child support convictions, collectively, should have yielded only one criminal history point, which would have reduced his criminal history score to nine and situated him in CHC IV.  In mounting this argument, the appellant emphasizes a specific guideline provision, which states in pertinent part that sentences separated by an intervening arrest are to be counted separately in computing a defendant's criminal history score.  See id. §4A1.2(a)(2).  The appellant asserts that the record does not show that his prior convictions were separated by an intervening arrest and, therefore, suggests that they should not be treated separately.  That suggestion leads nowhere.

Here, the offenses underlying the non-payment of child support convictions were not brought in the same charging document, and the sentences corresponding to those offenses were not imposed on the same day. These facts are important because the guidelines further provide that "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Id. So — regardless of whether or not there was an intervening arrest — the guidelines plainly dictate that the appellant's two convictions must be treated separately. See, e.g., United States v. Gonzalez, 739 F.3d 420, 423 (9th Cir. 2013); United States v. Jones, 698 F.3d 1048, 1050-51 (8th Cir. 2012). It follows inexorably that the district court's allocation of two criminal history points for these two convictions was not error at all.

This brings us to the appellant's asseveration that his 235-month sentence is substantively unreasonable. Assuming, without deciding, that our review is for abuse of discretion, see United States v. Pérez, 819 F.3d 541, 547 (1st Cir. 2016); United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir.), cert. denied, 136 S. Ct. 258 (2015), the asseveration necessarily questions whether the sentence is the product of "a plausible sentencing rationale and a defensible result," Martin, 520 F.3d at 96. "In assessing the substantive reasonableness of a sentence, it is

significant that the sentence falls within the GSR," Madera-Ortiz, 637 F.3d at 30 — and here, the challenged sentence fell at the nadir of the GSR.

In addition, the record reflects that the district court thoroughly considered the sentencing factors identified by Congress, see 18 U.S.C. § 3553(a), and offered a cogent and well-supported explanation for its ultimate sentencing determination. That explanation emphasized the especially harmful nature of the appellant's criminal activities and the predictably dire consequences of those criminal activities for the community. The court added that the appellant's crimes were all the more blameworthy because he was motivated by greed rather than by addiction.

Faced with the district court's careful analysis (including the court's recognition of positive factors, such as the appellant's strong relationship with his mother and his professed contrition), the appellant's primary rejoinder is that the sentence is excessive because his crimes were "non-violent" and, thus, merited a more "rehabilitative" approach. This rejoinder fails for two reasons. First, the GSR itself took into account the non-violent nature of the appellant's crimes. See United States v. Juarez-Duarte, 513 F.3d 204, 212 (5th Cir. 2008). Second, the appellant's argument overlooks the verity that "courts

of appeals must grant district courts wide latitude in making individualized sentencing decisions."  <u>Martin</u>, 520 F.3d at 91.

The short of it is that "[r]easonableness entails a range of potential sentences, as opposed to a single precise result."  <u>United States</u> v. <u>Dixon</u>, 449 F.3d 194, 204 (1st Cir. 2006).  On appeal, a sentence will be deemed substantively unreasonable if — and only if — it "falls outside the expansive boundaries of that universe."  <u>Martin</u>, 520 F.3d at 92.  This highly deferential perspective leaves no room for us to disturb the sentence fashioned by the court below.  Simply put, there was no abuse of discretion here.

We need go no further.  For the reasons elucidated above, the sentence is

**<u>Affirmed</u>**.